Board of Education of Community Consolidated School District No. 59 of Cook County, Illinois, a Body Politic and Corporate, Created Under the Statutes of the State of Illinois, Plaintiff-Appellee, v. E. A. Herzog Construction Company, a Corporation, Defendant-Appellant.

Gen. No. 48,120.

First District, Second Division.

February 21, 1961.

Paul M. Smith, Jr., and Harry G. Fins, of Chicago, for appellant.

Irving Goodman and Everett Lewy, of Chicago, for appellee.

MR. JUSTICE BRYANT delivered the opinion of the court.

The plaintiff filed a complaint at law seeking to recover from the defendant, a subdivider, $95,000.00 with interest on a written agreement, dated May 9, 1957 and modified by a written agreement, dated August 27, 1958. The defendant filed a motion to strike the complaint, which was denied. The defendant filed an answer, and by leave of court, an amended answer. The trial court allowed the plaintiff's motion to strike the defendant's amended answer and entered judgment on the pleadings for the plaintiff for $97,955.-53. The defendant appeals from the order overruling his motion to strike the complaint and from the judgment.

The complaint alleges that the parties entered into a written contract wherein the plaintiff agreed to

locate and build a 14–16 classroom elementary school within the subdivision known as Waycinden Park, being developed by the defendant. The defendant agreed to help to defray the cost of erecting the proposed building by proposing to pay the School District the sum of $95,000.00, $65,000 to be paid on September 1, 1958 and the remaining $30,000 on October 15, 1958. The plaintiff was to cooperate with the defendant in persuading the County Board of Cook County to rezone the subdivision for residential use. The plaintiff further agreed:

"2. As soon as practicable after May 1, 1958, pass a resolution to hold a special election to approve building a school on the above site, and to approve the issuance of $150,000 in General Obligation bonds of your district and use the proceeds of this bond issue together with the funds to be paid you by us as set forth above to defray the expenses of construction of an elementary school building containing an all-purpose room and as many classrooms as the available funds can pay for (but in no event less than 14 classrooms); the building to be erected on the above site which we are to convey to you.

3. Construction of this building will begin no later than July 15, 1958 and will be completed no later than sometime during the fall of 1958.

4. Furnish the building with seats and desks for students, teachers desks and seats and miscellaneous similar furnishings from funds other than the proceeds of the bond issue or the funds paid you by us.

5. Give the school such name as we shall suggest and cooperate with us to obtain favorable publicity in connection with the construction of this school."

140

Subsequently, on August 27, 1958, the parties entered into another agreement, modifying the terms of the May 9, 1957 agreement. The plaintiff admitted that it had not complied with paragraph 3 of the earlier agreement in that it had not started the construction of the building by July 15, 1958. The plaintiff acknowledged that these delays "undoubtedly have affected your sales, and consequently, your revenues." The plaintiff thereafter agreed to "make every reasonable effort" to have at least eight academic rooms available for occupancy sometime during December 1958 and "to use every reasonable effort" to complete the building within 200 consecutive days from August 28, 1958. The consideration for the modification agreement was that the defendant was not obligated to pay the $95,000.00 until the school was completed and made available for occupancy by the pupils of Waycinden Park.

The complaint further charges that the plaintiff completed the erection of the school on August 14, 1959, in accordance with the agreement of the parties; that the school has been tentatively named the "Herzog School"; and that the plaintiff has at various times requested payment of the $95,000.00 and that the defendant has refused to pay.

The defendant's motion to strike was based principally on the ground that the plaintiff Board of Education has no authority to enter into the contract. This contention has not been argued on this appeal, and is, at any rate, without merit.

The defendant's new theory, first advanced in the amended answer, is that the agreements are void as against public policy in that they are contracts "for the purchase of influence upon the action of public officers." The defendant charges that the plaintiff conspired with two members of the Board of County Commissioners to withhold approval of the petition for rezoning until the defendant conveyed certain

real estate and made certain money contributions to the plaintiff for the purpose of erecting the school. The defendant contends that this constitutes "extortion."

■ ■ This court will take judicial notice of the fact that the School District has no control over the actions of the County Board. This court will take further judicial notice of the fact that there are fifteen members of the Board of County Commissioners and that consequently, an arrangement with two of the members would not support the defendant's contention since the remaining thirteen members would still have absolute control.

It is clear that these wild and irresponsible charges are without foundation. The record conclusively shows that the subdivision was rezoned on May 10, 1957, fifteen months prior to the modification agreement of August 27, 1958, wherein the defendant agreed to reinstate many of the original provisions of the May 9, 1957 agreement. The defendant voluntarily agreed to pay the $95,000.00 toward the construction of the building, as it realized that the proposed school building was essential to its sales program. Having accepted the benefits of the agreement, it is now attempting to renege on its voluntary agreement to contribute money to the school board. It will not be permitted to do so.

■ ■ The case of Rosen v. The Village of Downers Grove, 19 Ill.2d 448, 456, 167 N.E.2d 230, supports the plaintiff in its contention that the Board of Education is authorized to enter into voluntary agreements with subdividers to accept payments to help defray the cost of erecting school buildings.

The order denying the defendant's motion to strike and the judgment in favor of the plaintiff is affirmed.

Judgment affirmed.

BURKE, P. J. and FRIEND, J., concur.