**Loren W. Williams and Alberta V. Williams, Appellants, v. Rock River Savings and Loan Association, and Robert F. Pagel, d/b/a Pagel Construction Company, Appellees.**

Gen. No. 11,842.

Second District.

July 2, 1964.

Reese and Schlueter, of Rockford (B. P. Reese, Jr., of counsel), for appellants.

Guyer & Enichen, of Rockford, for appellee, Rock River Savings & Loan Ass'n.

CARROLL, J.

The defendant, Robert F. Pagel, constructed a home for the plaintiff. The other defendant, Rock River Savings and Loan Association, made a construction loan to the plaintiff to finance the construction. This appeal involves only the litigation between the plaintiff and Rock River Savings and Loan Association. The record does not show the status of the proceedings between the plaintiff and the defendant, Robert F. Pagel. The plaintiffs seek to recover from Rock River for damages on account of failure of the contractor to perform his contract and failure to receive proper lien waivers. Plaintiffs claim that these matters were breaches of Rock River's agreement with the plaintiffs.

Plaintiffs appeal from an order sustaining defendants' motion for summary judgment.

The pleading to which the defendant filed its motion for summary judgment was plaintiff's third amended complaint as to Count II. This complaint alleged that on or about August 3, 1960, plaintiffs entered into a contract with Pagel for the construction of a home for the sum of $21,500; that part of the said sum was to be paid to Pagel directly by Rock River Savings and Loan Association by virtue of a mortgage which plaintiffs had executed prior to the completion of said home; that the defendant has made payment to the contractor without direct au-

thorization of plaintiffs; that the contractor breached his contract with the plaintiffs in certain respects (the complaint alleging the specific defects). The complaint further alleged:

"5. That on or about the 22nd day of September, 1960, plaintiffs at the instance of the defendant, ROBERT F. PAGEL, and the assurance of ROCK RIVER SAVINGS AND LOAN ASSOCIATION, entered into an agreement with the defendant, ROCK RIVER SAVINGS AND LOAN ASSOCIATION, said Agreement being partly written and partly oral. The written portion of the agreement has been previously filed herein and is made a part of the amended Count Two. In said agreement, the defendant, ROCK RIVER SAVINGS AND LOAN ASSOCIATION, agreed that they would be responsible for making payouts and in connection therewith would first obtain proper waivers of lien or partial waivers of lien and that they would satisfy themselves that the work had been actually completed in a satisfactory manner and that they would make a charge for such service.

"6. That the defendant, ROCK RIVER SAVINGS AND LOAN ASSOCIATION, was paid a fee for the supervision of the construction of the premises herein and for taking the responsibility of making the payouts for work done and completed upon said premises from the proceeds of the construction mortgage, which plaintiffs were required to and did sign prior to the construction of said home and which they were obligated to repay to said defendant, ROCK RIVER SAVINGS AND LOAN ASSOCIATION.

"7. That the defendant, ROCK RIVER SAVINGS AND LOAN ASSOCIATION, wilfully, neg-

8

ligently and carelessly paid out the entire proceeds from the construction mortgage of the plaintiffs, being the amount of Sixteen Thousand Eight Hundred ($16,800) Dollars, contrary to their agreement with the plaintiffs, and were negligent in the following respects:

"a. That from their knowledge of the contractor in question, ROBERT F. PAGEL, they knew or should have known that he was unreliable and that his statement of work completed could not be depended upon, and notwithstanding this fact, they made payouts upon his statement without checking the work completed.

"b. That they did not receive proper waivers of lien for work completed.

"c. That contrary to their agreement, they negligently failed to determine that the work in question was being completed in conformance with the construction contract and negligently failed to determine that it, in fact, had been completed and negligently failed to determine that it had been, in fact, paid for.

"d. That they negligently failed to obtain evidence satisfactory that the construction of the improvements, after all deductions, would allow sufficient amount in the proceeds of the loan to pay for the completion of the building, equipment and improvements in question.

"e. That they negligently failed to require satisfactory evidence that the equipment, materials and supplies were being provided in accordance with all the provisions of the construction agreement.

9

"8. That the defendant, ROCK RIVER SAV-INGS AND LOAN ASSOCIATION, and the defendant, ROBERT F. PAGEL, had a working agreement whereby ROBERT F. PAGEL would obtain the prospective buyer and that he would then bring said prospective buyer to the defendant, ROCK RIVER SAVINGS AND LOAN ASSOCIATION, who would furnish the financing and that the defendants, ROBERT F. PAGEL and ROCK RIVER SAVINGS AND LOAN ASSOCIATION, worked together to furnish a packaged deal, in this instance, to the plaintiffs and that the defendants, ROCK RIVER SAVINGS AND LOAN ASSOCIATION and ROBERT F. PAGEL, aforesaid were joint ventures in this sale of the premises and the construction of the improvements of the aforesaid to the plaintiffs.

"9. That the written agreement aforesaid was not the entire agreement of the parties and on its face does not purport to be the entire agreement of the parties."

Plaintiffs demanded judgment for $21,500, or in the alternative, that the mortgage indebtedness of $16,800 be cancelled and for an excess judgment against the defendant for $4,700.

The defendants' motion for summary judgment is on two grounds. The first is that the complaint fails to submit any genuine issue as to any material fact and, secondly, that the complaint alleges a written agreement with the defendant and that under the terms of the agreement plaintiffs agreed that Rock River was not responsible for the manner in which the work was done by the contractor or for the type or quality of the materials furnished.

The pertinent portion of the written construction loan agreement is as follows:

10

" . . . you shall not be responsible for the legal sufficiency of such waivers, receipts and affidavits. In making disbursements, you may rely upon the certificates of the architect or contractor in charge of construction that work has been done or materials have been furnished and you shall not be obligated to ascertain whether work has actually been done or materials have actually been furnished, nor shall you be responsible for the manner in which the work was done or for the type or quality of the materials furnished."

The defendants' motion for summary judgment was filed on April 9, 1963. On April 18, 1963, an order was entered continuing the motion for decision until May 2, 1963. On May 2, 1963, a transcript of the deposition of two of the defendants' employees was filed, and on the same day an order was entered by the court sustaining the motion for summary judgment.

On appeal, as in their pleadings, the plaintiffs contend that the construction loan agreement they entered into with the defendant was partially in writing and partially oral.

The deposition of Clark Bennett shows that he was employed by Rock River Savings and Loan Association of Rockford and that he had a conversation with the plaintiffs prior to or at the time they signed the construction loan agreement. At that time Bennett told the plaintiffs that the Savings and Loan Association took waivers before there were any payouts and also checked the construction to make sure that it conforms to specifications and that if it does not conform then payouts are withheld.

■ Before reviewing plaintiffs' argument, we point out that a reviewing court may, in testing a motion for summary judgment, also consider the sufficiency of the complaint although no motion has been

11

directed to it. Moore v. Pinkert, 28 Ill App2d 320, 171 NE2d 73; Slone v. Morton, 39 Ill App2d 495, 188 NE2d 493.

The complaint alleges that the loan agreement between the plaintiffs and the defendant was "partly written and partly oral." Plaintiffs contend that the parole evidence rule does not apply.

We think that the plaintiffs prematurely concern themselves with the question of proof of the alleged partially oral and partially written contract. If we were here examining an affidavit in support of a motion for summary judgment or in support of a motion to open a judgment by confession, then we would be concerned with whether or not the facts contained in the affidavit would be admissible in evidence. (c 110, § 101.15, Ill Rev Stats 1963.) Thus if plaintiffs allegation of the partially written and partially oral agreement is well pleaded, then the matter of its proof is a problem for another day.

In certain paragraphs of the complaint plaintiffs charge the defendant with various breaches of duty. Paragraph 7 charges that defendant was negligent in making payouts to the contractor. Paragraph 11 alleges that a fiduciary relationship existed between the Savings and Loan Association and the plaintiffs "in that said defendant held proceeds which belonged to plaintiff and such proceeds were held by said defendant as trustee for plaintiff and that the negligent payouts by the defendant were in breach of the fiduciary relationship." Paragraph 12 states that "the defendant held the plaintiffs' money under the terms of an 'oral' trust and that defendant violated the terms of the trust in its fiduciary obligation to plaintiff thereunder."

It appears from the complaint that the causes of action plaintiffs seek to allege are the following: negligence, breach of a fiduciary relationship and a resultant constructive trust, and breach of an oral trust.

We shall, therefore, examine the various causes of action that plaintiffs apparently attempted to allege.

■ It is a fundamental rule of pleading that the test of the sufficiency of a complaint is whether or not the essentials of a cause of action are alleged therein. Woodworth v. Sandin, 371 Ill 302, 20 NE2d 603; Geneva Const. Co. v. Martin Transfer & Storage Co., 351 Ill App 289, 114 NE2d 906.

■ ■ If the plaintiffs are attempting to plead a cause of action in negligence against the defendant, then it is essential that the complaint allege the plaintiffs' exercise of due care and freedom from contributory negligence, or facts from which such care may be reasonably inferred. Hanson v. Trust Co. of Chicago, 380 Ill 194, 43 NE2d 931; Sher v. Robinson, 220 Ill App 365. A complaint deficient in this respect fails to state a cause of action for negligence. Stephens v. Illinois Cent. R. Co., 256 Ill App 111. There being no allegation of due care on the part of the plaintiffs or allegation of fact from which due care can be reasonably inferred, the instant complaint fails to state a cause of action for negligence.

■ The second cause of action which plaintiffs apparently attempt to allege is for the breach of a constructive trust. A constructive trust arises by operation of law from circumstances which stamp the conduct of a person unfair or wrongful and permit him to take advantage of another. Fowley v. Braden, 4 Ill2d 355, 122 NE2d 559. There are two general classes of constructive trusts, one being where actual fraud is considered as equitable ground for raising the trust and the other being where the existence of a confidential or fiduciary relationship and a subsequent abuse of confidence arising therefrom. Carroll v. Caldwell, 12 Ill2d 487, 494, 147 NE2d 69. An essential characteristic of all trusts, whether they are trusts established by law or by agreement of the parties is that there be a res, or subject matter. Assuming

13

for the moment that here there was a breach of a confidential relationship which would give rise to a constructive trust, there would be no purpose in the courts declaring the existence of such a trust as there is no allegation of any property or fund which is to be the subject matter of the trust, nor does the plaintiff, in his prayer for relief, ask for the creation of a constructive trust. Plaintiff merely prays for a money judgment or in lieu thereof a cancellation of the mortgage indebtedness and a money judgment for a balance in excess of the mortgage indebtedness.

■ Paragraph 12 of the complaint, to which we have referred, contains conflicting allegations. This paragraph states that the Savings and Loan Association held money belonging to plaintiff in trust "under terms of an oral trust, the terms of which were only partially covered by the aforesaid written agreement of the parties and defendant violated the terms of the trust in its fiduciary obligation to plaintiff thereunder." It is impossible from the above paragraph to determine whether plaintiff is claiming that the terms of the trust agreement were in the oral agreement or whether the terms of the trust agreement were partially in the oral agreement and partially in the written agreement. Further confusion on this point is created by plaintiffs' brief. One of the points therein is entitled as follows: "A TRIABLE ISSUE OF FACT EXISTS WHETHER DEFENDANT, ROCK RIVER, WAS A CONSTRUCTIVE TRUSTEE." The argument which follows, however, is based on Merchants Nat. Bank of Aurora v. Frazier, 329 Ill App 191, 67 NE2d 611, which deals with express trusts, and not with constructive trusts. Plaintiff evidently fails to consider that a distinguishing feature between constructive trusts and other trusts is that a constructive trust does not arise by virtue of the intentions or agreements of the parties, but by operation of law;

whereas an express trust is created by an express agreement or declaration. Evans v. Berko, 408 Ill 438, 97 NE2d 316; Englestein v. Mintz, 345 Ill 48, 177 NE 746. The impression gained from the plaintiffs' pleadings and briefs is that plaintiff is describing a hybrid trust. The law knows no such creature.

The heading quoted above in which plaintiffs contend that there is an issue of fact as to whether defendant was a constructive trustee cites Merchants Nat. Bank of Aurora v. Frazier, supra and comments that the case stands for the proposition that a Bank acting as an escrowee was defined by the court as a trustee. This comment by plaintiff grossly oversimplifies the Merchants Nat. Bank case. In that case a contract to sell real estate was entered into between certain buyers and certain sellers. The Merchants Nat. Bank of Aurora was also a party to this contract as "escrow agent." The contract provided for payment of the purchase price in installments over a 10-year period. The real estate was charged with payments to Anna Frazier of $700 per annum during her lifetime. The final payment under the above sale contract was to be in the amount of $40,000 and the Bank was directed by the contract at the time that said $40,000 payment was made, to "retain and invest such portion thereof as will produce a net income of $700 annually, which sum shall be paid to Anna Frazier during her lifetime." The Bank opened an account in its trust department under the heading "Trust No. 154, Anna Frazier Trust under agreement." The Bank's annual statements to the sellers were headed "Statement of Merchants National Bank of Aurora as Trustee for Anna Frazier," or "Annual Statement of Merchants National Bank of Aurora as Trustee under agreement for Anna Frazier." Under the agreement it was therefore the Bank's duty to retain and invest such money as would produce a net income of $700 for Anna

15

Frazier. The court held that the Bank was a trustee. This, of course, is much different than simply stating that a Bank which acts as escrowee is by virtue thereof a trustee.

■ It may be, as plaintiff contends, that there is a triable issue of fact as to the existence of a trust. Before trial however, the defendant should be informed by the complaint as to whether the plaintiff is alleging the existence of an express trust or a constructive trust, or is pleading in the alternative. The complaint should also inform the defendant of the description of the property or fund that is to be the res of the trust; and if the plaintiff contends that the defendant as a trustee breached either his implied fiduciary duties or the terms of a trust agreement, such breaches should be specifically alleged.

If plaintiff sought to charge defendant with a breach of an express trust, which was partially written and partially oral, then the complaint should have alleged with certainty the facts upon which the alleged breach is based.

We are of the opinion that Count II of the third amended complaint does not state a cause of action against the defendant Rock River Savings and Loan Association and presented no triable issue of fact to the trial court. Accordingly the judgment of the Circuit Court of Winnebago County is affirmed.

Affirmed.

ABRAHAMSON, P. J. and MORAN, J., concur.