Robert J. Bauscher, Plaintiff-Appellant, v. City of Freeport, a Municipal Corporation, and Robert L. Kintzel, Defendants-Appellees.

Gen. No. 68–104.

Second District.

December 17, 1968.

Nettles and Mahoney, of Freeport, for appellant.

Robert J. Schmelzle, Corporation Counsel, of Freeport, and Richard F. Eckert, City Attorney, of Freeport, for appellees.

MR. JUSTICE MORAN delivered the opinion of the court.

The plaintiff, Robert J. Bauscher, filed a complaint against the defendants, City of Freeport, a municipal corporation and Robert L. Kintzel, public engineer for the City. A motion to dismiss was filed, heard and allowed. The plaintiff elected to stand on his complaint and, therefore, appeals from the order dismissing the complaint as being substantially insufficient in law.

The body of the one-count complaint, consisting of nine paragraphs, relates that the plaintiff owned certain realty in the City of Freeport upon which, for a period of eight years, he maintained a barbed wire enclosure for the keeping of certain horses; that the city enacted an ordi-

nance regulating the use of barbed wire (a copy of the ordinance being attached to the complaint); that certain conversations and communications were had between the plaintiff and the mayor, city engineer and other officials of the city regarding the maintaining of such barbed wire enclosure; that in these conversations the plaintiff stated that he did not feel that the ordinance applied to his barbed wire enclosure; that he did not feel the city had the right to regulate his longstanding use of such enclosure; that others were maintaining sections of barbed wire; that the city had no intention of enforcing the ordinance against them; that the defendant, Robert L. Kintzel, agent and public engineer of the city, without notice, filed a complaint against him (a copy of the complaint being attached to the complaint); that a warrant was issued for his arrest; that he was arrested, fingerprinted and photographed and restrained until released upon bond; that as a result he was deprived of his liberty and property without due process of law, denied equal protection under the laws in violation of his constitutional rights and civil rights; that the defendants knew the ordinance was invalid and intentionally and deliberately violated his civil rights and property rights; that the ordinance is void and constitutes taking of plaintiff's property without compensation; that the value of the property taken by the defendants is $100,000; that the plaintiff was further damaged in his business by the adverse publicity from the outrageous conduct of the defendants in the amount of $300,000 and that the conduct of the defendants was intentional, deliberate and outrageous, the type of conduct that the law should discourage and for which the defendant (probably means plaintiff) should have a remedy under article II, section 19 of the Illinois Constitution.

The prayer for relief demands judgment against defendants in the sum of $100,000 for damage to his proper-

ty; for an additional sum of $300,000 for damage to his business and to his reputation; and the additional sum of $1,000,000 as punitive damages for depriving him of his civil rights and for the outrageous, intentional, unconstitutional conduct set forth above, together with costs.

The plaintiff in his brief states that the complaint was inartfully and hurriedly drawn, but, nevertheless, stated a cause of action and therefore should not have been dismissed. On the other hand, the defendants claim that the complaint is substantially insufficient in law because (1) the corporate defendant was performing a governmental function for which there is immunity for tort liability and (2) the individual defendant, as an employee of a municipal corporation engaged in a governmental function, was exercising discretionary and quasi-judicial powers for which there is immunity from tort liability.

■ The trial court filed a memorandum of decision which basically relied upon the various sections of the Local Governmental and Governmental Employees Tort Immunity Act (Ill Rev Stats 1967, c 85, § 1–101 et seq.) in reaching its conclusion. However, it makes no difference what led to the conclusion that the complaint should be dismissed, as the order may be sustained on any basis found in the record. Chicago Title & Trust Co. v. Schwartz, 339 Ill 184, 196, 171 NE 169 (1930); Barrett v. City of Chicago, 11 Ill App2d 146, 159, 136 NE2d 564 (1956).

■ It is true that the Civil Practice Act put an end to the former common-law practice of pleadings, as it pertained to procedure; however, it did not abolish the substantive law upon which remedies are based. As a matter of fact, section 31 of the Act expressly states that it ". . . does not affect in any way the substantial averments of fact necessary to state any cause of action either at law or in equity." (Ill Rev Stats 1967, c 110, § 31); See, Committee Comments, Ill Anno Stats 110, § 31,

355–356. In Moulopoulos v. Northern Trust Co., 384 Ill 41, 50 NE2d 737 (1943) the Court, in referring to this particular portion of the statute, emphasized its importance when, at page 46, it was stated:

> "(W)e must not lose sight of the most important rule and one which should always be kept in mind as provided by the Civil Practice Act . . . ."

and then went on to quote that part of section 31 set forth above.

While pleadings are to be liberally construed, and formal or technical allegations are unnecessary, still the complaint must allege facts necessary to state a cause of action. Fanning v. LeMay, 38 Ill2d 209, 211, 230 NE2d 182 (1967) and it is a fundamental rule that the test of the sufficiency of a complaint is whether or not necessary elements or essentials of a cause of action are alleged. Williams v. Rock River Savings & Loan Ass'n, 51 Ill App 2d 5, 13, 200 NE2d 848 (1964). The failure to state a cause of action cannot be cured by alleging that the plaintiff should have a remedy as provided in section 19 of article II of our Constitution. Constitutional rights cannot be infringed where an insufficient complaint is dismissed. Belmar Drive-In Theatre Co. v. Illinois State Highway Commission, 34 Ill2d 544, 551, 216 NE2d 788 (1966) ; Deasey v. City of Chicago, 412 Ill 151, 155, 105 NE2d 727 (1952).

The complaint before us does not state any cause of action of which we are aware, but rather states conclusions that the plaintiff would like the trier of facts to reach after a trial on the merits. Causes of action arise out of facts and when they are based upon a wilful tort they should allege, with particularity, the facts giving rise to the claim. DeVito v. Village of Elburn, 37 Ill App 2d 59, 63–65, 184 NE2d 890 (1962).

Dismissal of the complaint filed herein was proper and therefore the judgment of the trial court is affirmed.

Judgment affirmed.

DAVIS and SEIDENFELD, JJ., concur.