TELEMAHOS PSYHOGIOS *et al.*, Plaintiffs-Appellants, *v.* THE VILLAGE OF SKOKIE, Defendant-Appellee.

(No. 55864;

First District—February 22, 1972.

Walter H. Moses, Jr., of Chicago, for appellants.

Harvey Schwartz, Corporation Counsel, of Skokie, (Herbert B. Dubrow, Assistant Corporation Counsel, of counsel,) for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Telemahos Psyhogios and Costas Sizopoulos (plaintiffs) filed an amended complaint for declaratory judgment and injunctional and other relief against the Village of Skokie (Village). The Village filed a motion to strike and dismiss the amended complaint. The trial court denied the motion upon the grounds therein stated but dismissed the suit for other reasons. Plaintiffs appeal.

The pertinent facts appear from the properly pleaded allegations of the amended complaint which are admitted by the motion to dismiss. (*Acorn Auto Driving School, Inc. v. Board of Education*, 27 Ill.2d 93, 96, 187 N.E.2d 722; *Follett's Illinois Book & Supply Store, Inc. v. Isaacs*, 27 Ill.2d 600, 603, 190 N.E.2d 324.) The first count of the amended complaint alleged in substance that, on March 1, 1965, plaintiffs acquired ownership of two contiguous pieces of real estate in the Village. The improvements on these parcels included a camera shop and a drug store. Plaintiffs applied for permission to remodel these portions of the premises for use as a restaurant. The Village Building Department denied this application for lack of sufficient off-street parking space.

At that time, there was an existing parking area in the rear large enough to accommodate 13 cars. When plaintiffs made this application, Village ordinances required off-street parking on the basis of one space for each 100 square feet of restaurant floor space. The proposed restau-

rant submitted to the Village by plaintiffs comprised 1650 square feet so that 16 parking spaces were *prima facie* required. The Village ordinance provided that "* * * additional parking or loading facilities are mandatory only in the amount by which the requirements for the new use would exceed those for the existing use * * *.",

The first count further alleged that, after denial by the Building Department, plaintiffs appealed to the Village Zoning Board of Appeals. The Board indicated that the requested variation would be granted but only upon certain conditions. As a result, a written agreement was entered into on August 30, 1965 between plaintiffs and the Village. A copy of the agreement is appended to the amended complaint.

This agreement recited that plaintiffs had sought permission to convert the subject property into restaurant use; that the plans did not provide the number of off-street parking spaces required under applicable ordinances; that plaintiffs had applied to the Village Zoning Board of Appeals for a zoning variation; that the Board had indicated that the variation would be granted only upon condition that plaintiffs would raze a two-story frame building presently occupying a portion of the subject property and would convert the resulting vacant space into off-street parking spaces within 90 days after tenants in possession had vacated, but not later than January 1, 1969.

The agreement provided that plaintiffs did "irrevocably and unconditionally" agree to the above condition which would become binding upon them immediately upon granting of the variation. It also provided that, in event of failure of plaintiffs to perform this condition, the Village was authorized to raze the specified improvements and to convert them to off-street parking spaces. The agreement also provided for the filing of bond by plaintiffs.

The first count of the amended complaint further alleged that, under a proper interpretation of the above quoted ordinance, plaintiffs should have received credit for parking facilities then existing at the rear of the premises which were sufficient to park 13 cars and that plaintiffs were entitled to a further credit for seven parking spaces under the ordinances because of preexisting uses which would have been replaced by the restaurant so that when the application for variation had been made, plaintiffs were actually entitled thereto under a proper construction or interpretation of the applicable ordinances.

The first count of the amended complaint further alleged that the agreement was null and void and lacking consideration since plaintiffs actually had ample parking spaces for granting of their application. It further alleged that the Village had threatened to demolish the property so that there was an actual controversy between the parties. The first

count prayed for declaratory judgment that the agreement was void and for injunctional relief.

The second count of the amended complaint alleged that during 1969 the Village had granted a zoning variation to a competing restaurant across the street from plaintiffs' property. This was granted on the basis of a written agreement which provided that the restaurant owner pay the Village $2000 for each omitted parking space, being a total of $40,000, in annual installments of $3000 each. A copy of this agreement, dated March 6, 1969, was appended to the amended complaint. This procedure was authorized by a new amendment to the Village ordinance which provided for payments by owners to the Village for omitted parking spaces with such payments to be deposited in a special fund for creation of parking facilities in the business district of the Village.

The second count also alleged that plaintiffs had offered to comply with the provisions of this ordinance by making payment on the basis of a deficiency of three parking spaces but that the Village had refused to accept such an agreement and instead had demanded demolition of the improvements on plaintiffs' property. It was alleged that this refusal by the Village deprived plaintiffs of equal protection under the law and amounted to a taking of plaintiffs' property without due process of law.

The Village filed a motion to dismiss the amended complaint, pursuant to Sections 45 and 48 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, pars. 45 and 48). The Village stated that plaintiffs failed to exhaust their administrative remedies under the Administrative Review Act (Ill. Rev. Stat. 1969, ch. 110, pars. 265 and following). The motion then set forth a series of factual allegations. It stated that, on February 4, 1970, plaintiffs filed a petition in the Village Zoning Board of Appeals seeking permission to operate their restaurant with insufficient parking area. The Board of Appeals determined that plaintiffs lacked six parking spaces but recommended granting of a variance to permit operation without these spaces, provided that plaintiffs pay to the Village $2000 for each deficient parking space; and, provided further, that the agreement here in question between plaintiffs and the Village, dated October 30, 1965, be cancelled. A further condition was approved by the Board of Trustees of the Village. The motion further stated that the Board of Trustees considered this recommendation; that plaintiffs refused to pay the total sum of $12,000 and that the Trustees voted not to concur in the recommendation of the Zoning Board of Appeals but rather to enforce the provisions of the previous agreement. These factual allegations were not verified by affidavit. See Civil Practice Act, Section 48, and Supreme Court Rule 191. However, on oral argument, counsel for the parties stipulated to the accuracy of the facts stated in the motion.

The motion and amended complaint were submitted to the trial court. Legal authorities were cited by both sides. The court held that the contention of the Village regarding exhaustion of administrative remedies was not applicable because the ultimate ruling on the petition for variation was made by a legislative body, the Board of Trustees of the Village, so that the Administrative Review Act was not applicable. The court also held that the second count of the amended complaint failed to set forth sufficient grounds for relief.

The trial court further held that since plaintiffs had operated the restaurant for a period of some three years, pursuant to the original written agreement between the parties, and had thus accepted the benefits thereof, plaintiffs should not now be permitted to question the validity of the agreement. The trial court, therefore, held that there were no issues of fact raised by the pleadings and that the suit should be dismissed as a matter of law. The court entered a formal order denying the motion of the Village to dismiss the amended complaint but directing that it be dismissed.

In this court, plaintiffs contend: 1) that the written agreement between the parties was void and unenforceable on the theory that consideration was lacking. The Village was always under a legal duty to permit conversion of plaintiffs' property to a restaurant use because there was no parking insufficiency under proper construction of the applicable ordinances. 2) Estoppel could not be invoked against plaintiffs since the Village had not changed its position; and 3) that enforcement of the contract would deny plaintiffs equal protection of the law and due process of law because of disproportionate treatment accorded to plaintiffs' competitor. The Village responds by contending that the law of zoning rather than principles of contract law should be applied and that this record presents merely the valid grant of a zoning variation to plaintiffs predicated upon reasonable conditions which plaintiffs have accepted so that plaintiffs may not now raise new contentions not advanced before execution of the agreement. The Village also contends that plaintiffs were not denied equal protection of the law.

■■ In determining the sufficiency of this amended complaint, we are obliged to accept as true all facts properly pleaded which are admitted by the motion to dismiss. (*Acorn Auto Driving School, Inc. v. Board of Education,* 27 Ill.2d 93, 96, 187 N.E.2d 722.) We will also accept as true all reasonable inferences which can be drawn from the well pleaded facts. (*Dear v. Locke,* 128 Ill.App.2d 356, 262 N.E.2d 27.) Plaintiffs urge that the trial court should not have raised questions regarding defects in the pleadings *sua sponte.* We find that the trial court

was eminently correct in the method in which the case was disposed of. Since the passage of the Civil Practice Act in Illinois, our courts have consistently held that pleadings should be liberally construed and we have attempted to dispense with the technical niceties of common law pleading. (*Adams v. J. I. Case Co.*, 125 Ill.App.2d 388, 394, 261 N.E.2d 1; *Haley v. Merit Chevrolet Inc.*, 67 Ill.App.2d 19, 31, 214 N.E.2d 347.) However, this jurisdiction has never abandoned the essential substantive principle that a complaint must allege facts which are sufficient to state a cause of action. (*Fanning v. Le May*, 38 Ill.2d 209, 211, 230 N.E.2d 182; *Bauscher v. City of Freeport*, 103 Ill.App.2d 372, 376, 243 N.E.2d 650.) Therefore, that is the test which must be applied in this appeal. The order of the trial court dismissing the amended complaint for legal reasons may be sustained upon any basis presented by this record. (*Bauscher v. City of Freeport*, 103 Ill.App.2d 372, 375, 243 N.E.2d 650.) If it appears as a matter of law that the complaint fails to state a cause of action, an objection may be made to it at any time by any means and such objection may be raised for the first time on appeal to this court. (*Lasko v. Meier*, 394 Ill. 71, 74—75, 67 N.E.2d 162; *Rollins v. General American Transp. Corp.*, 46 Ill.App.2d 266, 269—270, 197 N.E.2d 68.) It remains to consider the validity of the legal basis upon which the trial court dismissed the amended complaint.

■■ Plaintiffs first contend that there was no consideration for their written agreement with the Village, dated August 30, 1965. We reject this contention. We find ample consideration in the mutual promises of the parties each to the other which are binding upon both. (*Nathan v. Leopold*, 108 Ill.App.2d 160, 169, 247 N.E.2d 4.) We also find ample consideration in the specific recitals of the agreement to which both parties are irrevocably committed. The contract recites that there was at that time a deficiency in off-street parking spaces and that plaintiffs have attempted to rectify this by a zoning variation. The contract states the conditions upon which the variation will be granted and this was agreed to by both parties. We approve the reasoning of the trial court in this respect. Plaintiffs, having entered into a specific contract based upon these recitals, having obtained their requested zoning variation on the basis of their agreement and having accepted the benefits thereof for approximately three years, cannot now rescind or repudiate their contract and attempt to relitigate the issues upon which their agreement was originally predicated. *Board of Education v. Herzog Construction Co.*, 29 Ill.App.2d 138, 142, 172 N.E.2d 645; *Mock v. Higgins*, 3 Ill.App. 2d 281, 299, 121 N.E.2d 865; *Lees v. Akshun Mfg. Co.*, 205 F.2d 577, 583.

■■ We also approve the principles advanced by the Village in its

brief. We are dealing here not with the ordinary type of contract but with a particular type of condition accepted by these parties as a prerequisite to approval of a requested zoning variation. After accepting, through this contractual condition, the benefits and advantages of a zoning variation granted by the Village, plaintiffs cannot now eliminate or repudiate the condition upon which they received these rights; but, they are properly deemed to have waived errors which may conceivably have existed in connection with the conditions upon which the variation was granted. (*Zweifel Manufacturing Corp. v. City of Peoria*, 11 Ill.2d 489, 493, 494, 144 N.E.2d 593.) We need not attempt to resolve the apparently conflicting theories of the parties upon the technical and rather artificial issue as to whether this record presents a question of contract law or of zoning law. The same result necessarily follows from either premise.

Another independent ground exists for affirmance of the order appealed from. Plaintiffs and the Village were engaged in litigation concerning the zoning ordinance. They elected to settle their differences by virtue of a written contract. It is a strong and proper policy of the law to encourage settlements of this type. Therefore, the written terms of settlement, acted upon by both litigants, may not now be set aside to permit one of them again to question or litigate the agreed basis upon which the settlement was reached. *Welsh v. Centa*, 75 Ill.App.2d 305, 313, 221 N.E.2d 106; *Joyce v. Year Investments*, 45 Ill.App.2d 310, 315, 196 N.E.2d 24.

In view of the foregoing, we need not consider or decide the legal issue of proper construction of the zoning ordinance of the Village regarding credit to plaintiffs for former parking requirements. Plaintiffs may not raise these questions at this time. All such contentions should have been urged by plaintiffs many years ago at the time that they first applied to the Village authorities for approval of their initial conversion.

Similarly the constitutional questions sought to be raised by plaintiffs in the second count of the amended complaint are not available to them. The condition which plaintiffs now seek to avoid was agreed upon and imposed before the Village inaugurated the program of payment or contribution in lieu of creation of parking areas. In addition, it appears that the Village has offered plaintiffs an opportunity to participate in the program and plaintiffs have refused solely because of a difference of opinion regarding the number of parking spaces which plaintiffs lack. No constitutional questions regarding due process of law or equal protection of law are presented by this record and such questions were never decided by the trial court. *Smith v. Glowacki*, 122 Ill.App.2d 336, 340, 258 N.E.2d 591.

The judgment order appealed from dismissing the amended complaint of plaintiffs is accordingly affirmed.

Judgment affirmed.

BURKE and LYONS, JJ., concur.