ROBERT STAFFORD BYARS, Plaintiff-Appellant, *v.* EDWARD A. KOLODZIEJ *et al.*, Defendants-Appellees.

Fourth District   No. 13872

Opinion filed May 31, 1977.

David M. Sinow, of Champaign, for appellant.

Thomas, Mamer, Haughey & Miller, of Champaign, and James J. Costello, Office of University Counsel, of Urbana, for appellees.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

Plaintiff, who is conceded to be a "public figure," appeals from the dismissal of his amended complaint for libel. The complaint alleged six counts of libel and one count of tortious interference with a contract. All counts of the complaint were dismissed on defendants' motion but plaintiff argues only the issues relating to libel on appeal. Neither does plaintiff challenge the dismissal as to the defendants other than defendant Kolodziej.

The action arises from the controversy surrounding the decision whether or not to grant plaintiff tenure as a professor of political science at the University of Illinois. In the course of the decision-making process, defendant Kolodziej made several statements to reporters from the Daily Illini which were published in that and other newspapers. Further, as head of the political science department, Kolodziej caused to be circulated to members of the University of Illinois faculty and administration his comments on plaintiff's qualifications for tenure. Both in his comments to the press and in his written opinion, Kolodziej stated that neither the quantity nor the quality of plaintiff's scholarly published work justified a grant of tenure. Counts I, III, IV, V and VI were all based on

statements of this tenor. Count II was based on the statement that "the University of Illinois is a unique institution. It's not Junkwater College U."

■■ The reason given by the trial court for the dismissal of count II was that under the innocent construction rule, the statement made was not defamatory. This statement, when taken in context, may refer to Professor Byars' scholarly performance. We agree with the trial court, however, that when quotations are capable of being read innocently, they are not actionable. (See *John v. Tribune Co.* (1962), 24 Ill. 2d 437, 181 N.E.2d 105.) Here, the quoted words do not in and of themselves reflect on the plaintiff.

There remains, then, the question of whether the other alleged libels are actionable and, if so, whether they are subject to any privilege. While the trial court dismissed the instant complaint for a failure to adequately plead actual malice and thereby overcome the defendants' privilege, that court's dismissal may be affirmed on any basis found in the record. *Bauscher v. City of Freeport* (1968), 103 Ill. App. 2d 372, 243 N.E.2d 650.

■■ As a general proposition, a defamation is "the publication of anything injurious to the good name or reputation of another, or which tends to bring him into disrepute." (*Whitby v. Associates Discount Corp.* (1965), 59 Ill. App. 2d 337, 207 N.E.2d 482, 484, citing Restatement of Torts §559 (1938). See also Prosser, Law of Torts §111 (4th ed. 1971).) It is this initial question that we concern ourselves with here and not any subsequent inquiry as to whether the statements, if defamatory, were libel *per se* or libel *per quod*.

■■■ Each case of libel depends on its own facts in determining whether the words used are defamatory. (*Korbar v. Hite* (1976), 43 Ill. App. 3d 636, 357 N.E.2d 135.) It cannot be said that every expression of opinion touching on a person's capabilities or qualifications constitutes a defamation no matter how much the complained of statement may injure the subject person in his own conception. The "requirements for actionable libel are strict in the interests of protecting freedom of expression." (*Parmelee v. Hearst Publishing Co.* (1950), 341 Ill. App. 339, 347-48, 93 N.E.2d 512, 515.) In *Valentine v. North American Co. for Life & Health Insurance* (1973), 16 Ill. App. 3d 277, 305 N.E.2d 746, *aff'd*, 60 Ill. 2d 168, 328 N.E. 265, the defendant had called the plaintiff a "lousy agent." The court held that this represented mere name-calling and did not constitute a defamation. "The expression used was no more than a harsh judgment as to why the plaintiff's general agency was being terminated." (16 Ill. App. 3d 277, 280, 305 N.E.2d 746, 748.) See also *Johnson v. Board of Junior College District No. 508* (1975), 31 Ill. App. 3d 270, 334 N.E.2d 442, where the court used the innocent construction rule

enunciated in *John* to hold that the published opinion of a faculty group in a similar situation as to the one presented here did not constitute defamation as a matter of law. There was no distinction in *Johnson* between the internal administrative utterances and utterances to the press in determining the actionability of the comments made. Here, the statements complained of were the defendant Kolodziej's opinion of the plaintiff's qualifications for tenure. In the first analysis, these statements would not appear to be defamatory as they constitute mere opinion of the plaintiff's qualifications for a permanent position at the university. To hold such statements defamatory would chill the right of every person to form and express an opinion on matters of public interest. If, for instance, a student at the university, in formulating his schedule for the next semester, asked a present student of Professor Byars whether or not he should take a course from Professor Byars, it cannot be said that an expression of opinion by Byars' present student that the course was not taught well is defamatory. Nor could plaintiff complain of a review of his published works in a scholarly journal even if the reviewer criticized the plaintiff's work. Once published material is placed into the stream of ideas it cannot be defamation when that material is critiqued, be it by a reviewer or plaintiff's superior. We find that the intra-departmental communication of defendant's decision regarding plaintiff's tenure was not defamatory. Defendant's subsequent explanation of that decision can also not be seen as defamatory.

■■ It is our conclusion that the statements complained of here in counts I, III, IV, V, and VI do not constitute defamation. It is therefore unnecessary for us to reach the argued issues of whether plaintiff sufficiently pleaded actual malice so as to overcome the defense of privilege. The judgment of the trial court in dismissing the plaintiff's complaint is therefore affirmed.

Affirmed.

REARDON and HUNT, JJ., concur.