EDWARD GOLDBERG, Plaintiff-Appellant, *v.* ILA SUE GOLDBERG, Defendant-Appellee.

First District (3rd Division)    No. 80-1417

Opinion filed December 16, 1981.—Rehearing denied February 17, 1982.

Synek, Bishart & Porikos, of Chicago (Henry Thrush Synek, of counsel), for appellant.

Harvey Sussman, of Chicago, for appellee.

JUSTICE WHITE delivered the opinion of the court:

Plaintiff Edward Goldberg appeals from a final order of the circuit court of Cook County granting the motion of defendant, Ila Goldberg, to strike and dismiss his amended complaint to remove cloud on title. On April 11, 1979, plaintiff filed his original complaint in chancery. The relevant facts, as set forth in this complaint, follow. The parties to this action were married on January 25, 1953, in Tucson, Arizona. On April 28, 1975, the circuit court of Cook County entered a judgment for divorce dissolving their marriage. This judgment incorporated as part of its terms a property settlement agreement entered into by the parties. Subparagraph J of the agreement as set forth in paragraph 6 of the judgment for divorce provided:

"J. That the Defendant shall immediately execute a Quit Claim Deed in and to the marital residence, commonly known as 6650 Kostner Avenue, Lincolnwood, Illinois, and legally described as follows:

[Legal description.]

and that said deed shall be recited in such a way so that when it is recorded, it shall recite the fact that transference and real estate is subject to the provisions of this Decree, and the Defendant is given an interest in the marital residence in the amount of TWELVE THOUSAND FIVE HUNDRED DOLLARS ($12,500.00), and that if Defendant does not receive that amount on or before May 1, 1976, then the principal sum shall bear simple interest at the rate of FIVE PER CENT (5%) simple interest until received by the Defendant; it is further agreed that the Defendant shall receive the TWELVE THOUSAND FIVE HUNDRED DOLLARS ($12,500.00) at the earliest of the following contingencies:

(1) remarriage of the Plaintiff;

(2) sale of the home;

(3) forty two (42) months from the date of May 1, 1975."

The complaint further alleges that plaintiff, pursuant to the terms of subparagraph J of paragraph 6, immediately executed a quit-claim deed to the marital residence; that the quit-claim deed was dated May 15, 1975, and recorded in the office of the recorder of deeds on June 3, 1975; that defendant has not remarried; that the real estate involved has not been sold; that the 42-month contingency expired on November 1, 1978; that plaintiff has repeatedly requested defendant to pay the $12,500.00 plus interest, but defendant failed and refused to pay the sum requested; that in view of defendant's arbitrary and willful refusal to fulfill the terms of said oral settlement agreement, the plaintiff has been defrauded of his one-half interest in said real estate; that plaintiff relied on such false and fraudulent oral representations of defendant and believed them to be true, and because thereof entered into the oral settlement agreement with defendant; and that the plaintiff elects to rescind the agreement because of the fraud upon him, as well as upon the court. Plaintiff's complaint also offered to do equity by cancelling the indebtedness of $12,500 plus interest and stated that plaintiff did not have an adequate remedy at law. In his prayer for relief, plaintiff asked that the oral settlement agreement as it related to the real estate be rescinded, declared null and void, and set aside as a cloud upon the title of plaintiff, that the quit-claim deed be declared null and void and set aside as a cloud upon plaintiff's title, and that plaintiff be declared an undivided one-half owner of said real estate with defendant.

On May 17, 1979, defendant filed her motion to dismiss asserting that the complaint failed to state a cause of action,[1] and that plaintiff had an adequate remedy in the domestic relations division of the circuit court of Cook County. On October 10, 1979, Judge Richard L. Curry of the chancery division entered an order denying the motion to dismiss and transferring the cause to the domestic relations division. On November 21, 1979, Judge Willard J. Lassers of the domestic relations division, entered an order granting defendant's motion to dismiss for failure to state a cause of action and granting plaintiff leave to file an amended complaint. Plaintiff then filed his amended complaint to remove cloud on title. The allegations of the amended complaint were identical to those of the original complaint, except that the former added the following allegations:

"16. That the said deed was delivered by the plaintiff to the

---

[1] The motion to dismiss merely stated: "That the complaint fails to state a Cause of Action." In *Browning v. Heritage Insurance Co.* (1975), 33 Ill. App. 3d 943, 946-47, 338 N.E.2d 912, the court stated: "It is not sufficient to allege merely that the complaint does not state a cause of action, without pointing out wherein it is defective so as to allow the party against whom the motion is directed an opportunity to cure the specified objection by amendment." See also Ill. Rev. Stat. 1979, ch. 110, par. 45(2).

defendant pursuant to the terms and conditions of said Judgment for Divorce only upon, and specifically upon, the said terms and conditions, and therefore said delivery was conditional, which conditions the defendant, ILA SUE GOLDBERG, has failed and refused to meet and comply with as set forth in the Judgment for Divorce by November 1, 1978, and therefore said Quit Claim Deed is void; and, in the alternative, if voidable at the option of the grantor, plaintiff herein, said plaintiff elects to have it voided."

In response, defendant filed a motion to strike plaintiff's amended complaint which asserted that it also failed to state a cause of action. On April 17, 1980, Judge James J. Meehan, entered an order allowing defendant's motion to strike and dismiss the amended complaint and finding that there was no just cause for delay in the enforcement of or appeal from the order. Plaintiff appeals.

■■ We first address plaintiff's contention that Judge Lassers erred in holding a hearing on defendant's motion to dismiss after that motion to dismiss had been denied by Judge Curry. He asserts that Judge Lassers was, in essence, acting as an appellate court. We find that this contention is without merit. Judge Curry, in a single order, both denied the motion to dismiss without giving a reason and transferred the cause from the chancery division to the domestic relations division. It would appear from this that the order was not a ruling on the merits of the motion. Moreover, before entry of a final order, a trial judge is not bound by an order of a previous judge. *Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 121, 382 N.E.2d 1217; *Richichi v. City of Chicago* (1964), 49 Ill. App. 2d 320, 325, 199 N.E.2d 652.

■■ Judge Meehan, in his order striking and dismissing the amended complaint, did not give any reasons for his decision. However, regardless of the reason for the dismissal of the amended complaint, the order may be sustained on any basis found in the record. *Byars v. Kolodziej* (1977), 48 Ill. App. 3d 1015, 1017, 363 N.E.2d 628; *Bauscher v. City of Freeport* (1968), 103 Ill. App. 2d 372, 375, 243 N.E.2d 650.

■■ Plaintiff's amended complaint contains two theories of recovery: fraud and failure of consideration. Defendant, by her motion to strike and dismiss, admitted all facts well pleaded together with all reasonable inferences which can be drawn from the facts. (*Denkewalter v. Wolberg* (1980), 82 Ill. App. 3d 569, 402 N.E.2d 885.) "Such a motion does not admit conclusions of law or conclusions of fact unsupported by allegations of specific facts upon which such conclusions rest." *Denkewalter*, 82 Ill. App. 3d 569, 571-72.

■■ ■ With these principles in mind, we consider the adequacy of plaintiff's allegation of fraud. In *Soules v. General Motors Corp.* (1980), 79 Ill. 2d 282, 286, 402 N.E.2d 599, our supreme court stated:

"[T]he elements of a cause of action for fraudulent misrepresen-

tation * * * are: (1) false statement of material fact (2) known or believed to be false by the party making it; (3) intent to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damage to the other party resulting from such reliance. [Citations.] Furthermore, the reliance by the other party must be justified, *i.e.*, he must have had a right to rely. [Citations.]"

The general rule is that a promise to perform an act, though accompanied at the time with an intention not to perform it, is not such a false representation as will constitute fraud. (*Roda v. Berko* (1948), 401 Ill. 335, 340, 81 N.E.2d 912; see also *Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 334, 371 N.E.2d 634.) There is a well recognized exception to this rule where the false promise or representation of future conduct is alleged to be part of a scheme employed to accomplish the fraud. (*Steinberg; Roda.*) This case does not fall within the exception because the amended complaint fails to allege a scheme or any facts from which a scheme can be inferred. Furthermore, plaintiff's amended complaint fails to allege that statements made by defendant were known or believed to be false by her.

■■ The facts which constitute an alleged fraud must be pleaded with sufficient specificity, particularity and certainty to apprise the opposing party of what he is called upon to answer. (*Younger v. Revelle* (1979), 78 Ill. App. 3d 1, 4, 397 N.E.2d 221.) "To properly allege a cause of action for fraud, the pleadings must contain specific allegations of facts from which fraud is the necessary or probable inference." (*Wiersema v. Workman Plumbing, Heating & Cooling, Inc.* (1980), 87 Ill. App. 3d 535, 538, 409 N.E.2d 159; *Browning v. Heritage Insurance Co.* (1975), 33 Ill. App. 3d 943, 948, 338 N.E.2d 912.) Under this standard, plaintiff's conclusory allegations of fraud in the amended complaint were clearly insufficient to allege a cause of action for fraud.

■■ We also conclude that plaintiff's allegation in paragraph 16 of the amended complaint was not sufficient to state a cause of action based upon a failure of consideration for the relief sought. In the absence of additional circumstances such as fraud, the failure of the grantee to pay the consideration agreed upon is not a ground for avoiding or cancelling the deed. *Calkins v. Calkins* (1906), 220 Ill. 111, 121, 77 N.E. 102; *White v. White* (1960), 28 Ill. App. 2d 19, 27, 169 N.E.2d 839; 13 Ill. L. & Prac. *Conveyances* §22 (1955); 23 Am. Jur. 2d *Deeds* §67 (1965).

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

RIZZI, P. J., and McGILLICUDDY, J., concur.