GENE J. CARTWRIGHT, Plaintiff-Appellant, *v.* CHARLES GARRISON, Defendant-Appellee.

Second District   No. 82—500

Opinion filed March 15, 1983.

David N. Barkhausen, of Waukegan, for appellant.

Ronald E. Griesheimer, of Griesheimer & Thompson, of Waukegan, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Gene J. Cartwright, appeals from the trial court's dismissal of his complaint, which alleged he had been defamed by defendant, Charles Garrison. Plaintiff raises the following issues on appeal: (1) whether the statement made by defendant was incapable of an innocent construction; (2) whether the innocent-construction rule should be replaced with a reasonable-construction rule.

Plaintiff's complaint alleged that plaintiff was the superintendent of the Zion-Benton High School, District No. 126, Lake County, Illinois, and that defendant was a member of that district's school board. Plaintiff alleged he was "a person of good name and reputation and was and is held in high esteem within his profession and in the com-

munity." He further alleged that defendant made the following defamatory statement to a reporter for the News-Sun newspaper which appeared in an article headlined "Garrison won't quit" beginning on the front page of the newspaper's October 7, 1981, edition:

"'Whatever legal ramifications result from that investigation—which could range from the superintendent losing his certification to criminal penalties—is up to the state's attorney.

I think that the public will demand changes once all the information is brought out by the state's attorney.' "

Plaintiff alleged that defendant made the statement "knowing that there was no basis for it or, at least, having a reckless disregard as to its truth or falsity." He alleged that the statement "inevitably leads those who read it to conclude that, at the least, Plaintiff is a criminal" and that he had been injured by the statement both personally and professionally. He further alleged that defendant made the statement with a malicious intent to impute criminal behavior to the plaintiff, to injure plaintiff in his professional capacity, and to jeopardize plaintiff's new position as superintendent of another school district.

The statement in issue appeared near the end of the article. The story began by reporting a closed meeting of the Zion-Benton High School Board. Defendant was quoted as saying that he had been asked to resign from the school board during this meeting. The article reported that defendant believed the board's action was in response to his discussing, with the State's Attorney, alleged Open Meetings Act (Ill. Rev. Stat. 1981, ch. 102, par. 41 *et seq.*) violations by the board and "misdeeds by the administration."

The article stated that defendant declined to comment on any specific allegations and that he indicated there was sufficient proof to justify his allegations to the State's Attorney. The story identified plaintiff as superintendent of the school district.

The article stated that at the meeting defendant was presented with a letter requesting his resignation and that defendant said the letter dealt with his taking information to the State's Attorney. Defendant was quoted as saying some board members had threatened to sue him and that he viewed it "all as a threat to try to intimidate me so I will not pursue the allegations that have been made to the state's attorney." The allegedly defamatory statement appeared immediately after this quotation.

The article closed by noting that plaintiff had resigned as superintendent the previous month to take a superintendent's position elsewhere.

The record on appeal does not contain an answer by defendant. Defendant did file a motion for summary judgment (Ill. Rev. Stat. 1981, ch. 110, par. 57) supported by his affidavit together with several documents. He later filed plaintiff's discovery deposition. Plaintiff filed a response in opposition to the motion for summary judgment supported by excerpts from defendant's deposition. The trial court treated defendant's motion for summary judgment as a motion to dismiss and granted a dismissal. The memorandum order does not clearly state the trial court's actual basis for the dismissal, although the innocent-construction rule was referred to in the memorandum.

██ █ Even though the trial court does not clearly indicate the reasons for its dismissal of plaintiff's complaint, a reviewing court may affirm that dismissal where proper grounds for dismissal exist. (*Goldberg v. Goldberg* (1981), 103 Ill. App. 3d 584, 587, 431 N.E.2d 1060; *White Fence Farm, Inc. v. Land & Lakes Co.* (1981), 99 Ill. App. 3d 234, 239, 424 N.E.2d 1370.) A motion to dismiss is properly treated under section 48(1)(i) of the Civil Practice Act when the ground for dismissal is that the claim is barred "by other affirmative matter avoiding the legal effect of or defeating the claim or demand." (Ill. Rev. Stat. 1981, ch. 110, par. 48(1)(i).) In a defamation action, the question whether the allegedly defamatory language is rendered nondefamatory by the innocent-construction rule is properly considered under section 48(1)(i). *Nagib v. News-Sun* (1978), 64 Ill. App. 3d 752, 757, 381 N.E.2d 1014; *Kilbane v. Sabonjian* (1976), 38 Ill. App. 3d 172, 175, 347 N.E.2d 757; see also *John v. Tribune Co.* (1962), 24 Ill. 2d 437, 181 N.E.2d 105; *Davis v. Keystone Printing Service, Inc.* (1982), 111 Ill. App. 3d 427, 432-33, 444 N.E.2d 253.

Whether the innocent-construction rule requires dismissal is initially a question of law to be resolved by the trial court and depends on examination of the allegedly defamatory statement and of the context in which it appears. (*Chapski v. Copley Press* (1982), 92 Ill. 2d 344, 352, 442 N.E.2d 195.) Therefore, the affidavit and depositions presented here will not be considered.

██ Plaintiff alleges that defendant's statement was defamatory in that it falsely accused him of committing a crime and harmed him in his profession. An allegation that a statement falsely accuses a person of committing a crime is sufficient to support a defamation action against the person making the statement. (*Zeinfeld v. Hayes Freight Lines, Inc.* (1968), 41 Ill. 2d 345, 348, 243 N.E.2d 217; *Fogus v. Capital Cities Media, Inc.* (1982), 111 Ill. App. 3d 1060, 1062; *Makis v. Area Publications Corp.* (1979), 77 Ill. App. 3d 452, 456, 395 N.E.2d 1185.) Thus, we must determine whether the statement in issue here

accuses plaintiff of the commission of a crime.

In determining whether this statement accuses plaintiff of committing a crime the innocent-construction rule must be applied. This rule requires that the statement be "considered in context, with the words and the implications therefrom given their natural and obvious meaning." (*Chapski v. Copley Press* (1982), 92 Ill. 2d 344, 352, 442 N.E.2d 195.) If, under this construction, the statement may reasonably be innocently interpreted or reasonably be interpreted as referring to someone other than the plaintiff, then it is not actionable as a matter of law. 92 Ill. 2d 344, 352, 442 N.E.2d 195.

Here, the context in which the allegedly defamatory statement appears is in an article dealing with a closed meeting of the school board at which defendant reportedly was asked to resign. The only violations of law expressly referred to in the article are "alleged Illinois Open Meetings Act violations by the board." Violation of the Open Meetings Act is a Class C misdemeanor. (Ill. Rev. Stat. 1981, ch. 102, par. 44.) Nothing in the article implicates plaintiff in these violations.

The article also mentions "misdeeds by the administration." The word "administration" covers a broad group of people beyond the plaintiff and therefore can reasonably be interpreted as referring to someone other than the plaintiff. Thus, no criminal activity is ascribed to plaintiff at any point in the article prior to the allegedly defamatory statement. As the only violations of law expressly mentioned in the article were Open Meetings Act violations by the board, the reference to "criminal penalties" in defendant's allegedly defamatory statement, when considered in context, can reasonably be interpreted as referring to the board and not the plaintiff. If the statement may reasonably be interpreted as referring to someone other than the plaintiff, it cannot be actionable as a matter of law. *Chapski v. Copley Press* (1982), 92 Ill. 2d 344, 352, 442 N.E.2d 195.

More importantly, this defamatory statement must impute to plaintiff the commission of a criminal offense. (*Fogus v. Capital Cities Media, Inc.* (1982), 111 Ill. App. 3d 1060, 1062.) While a statement need not charge a person with a criminal offense with the precision of an indictment in order to be actionable (*Catalano v. Pechous* (1980), 83 Ill. 2d 146, 157, 419 N.E.2d 350; *Makis v. Area Publications Corp.* (1979), 77 Ill. App. 3d 452, 457, 395 N.E.2d 1185), words are not actionable if they may reasonably be innocently interpreted. *Chapski v. Copley Press* (1982), 92 Ill. 2d 344, 352, 442 N.E.2d 195.

Defendant is quoted as saying " '[w]hatever legal ramifications result from that investigation—which could range from the superintendent losing his certification to criminal penalties—is up to the

state's attorney.' " Taken in context, and given their natural and obvious meaning, these words may reasonably be interpreted to mean that the State's Attorney would determine if any crime had been committed. The statement indicates that defendant was deferring to the State's Attorney the decision on whether "legal ramifications" would result. The reference to loss of certification and criminal penalties may reasonably be read as defendant's opinion on the range of possible penalties if the State's Attorney determined a crime had been committed. Thus, the application of the innocent-construction rule requires us to hold that the words can reasonably be interpreted as not accusing plaintiff of a crime and therefore that they are not actionable as a matter of law.

■■ Plaintiff also alleges that the statement injured him in his profession. A false statement which imputes that a person lacks ability in his profession or that he is unfit to perform his employment duties is actionable as defamation. (*Makis v. Area Publications Corp.* (1979), 77 Ill. App. 3d 452, 456, 395 N.E.2d 1185; see *Colson v. Stieg* (1982), 89 Ill. 2d 205, 433 N.E.2d 246.) Thus, we must determine whether the allegedly defamatory statement here imputed that plaintiff lacked ability in his profession or that he was unfit to perform the duties of that profession.

■■ Applying the innocent-construction rule, we hold that the allegedly defamatory statement may reasonably be read as not imputing any unfitness or lack of ability on plaintiff's part. The statement reads: " 'Whatever legal ramifications result from that investigation—which could range from the superintendent losing his certification to criminal penalties—is up to the state's attorney.' " Defendant's statement indicates that he was leaving the determination of whether any wrongdoing occurred which warranted legal action to the State's Attorney. Defendant did not say plaintiff would lose his certification or even that he should lose it. Defendant only indicated that such a loss of certification was a legal ramification which could result from the State's Attorney's investigation. Thus, the words in their entire context can reasonably be interpreted as not imputing unfitness or lack of ability on plaintiff's part and therefore they are not actionable as a matter of law. *Chapski v. Copley Press* (1982), 92 Ill. 2d 344, 352, 442 N.E.2d 195.

The statement " 'I think that the public will demand changes once all the information is brought out by the state's attorney' " is also capable of an innocent construction. Changes in school board policies and procedures are often sought by citizens for reasons other than criminal activities, unfitness, or incompetence. A mere difference of

opinion on which policies or procedures are preferable could motivate a call for the board or the superintendent to make changes. Thus, it is reasonable to construe this statement innocently.

Such an innocent construction of this statement is further supported by the sentence that directly follows it in the article which reads: " 'There are honorable men on the board and once they have all the information they will do what's right.' " This statement qualifies the preceding one by indicating that the information that the State's Attorney has, when disclosed will motivate the board to do the "right" thing. Thus, the language does not accuse plaintiff of a crime, or say he will lose his certification, since these are not actions the board could take. Rather, the language can reasonably be read as defendant's opinion that the public will demand that the board make changes in the district's policies or procedures.

■ Plaintiff also asks us to replace the innocent-construction rule with a reasonable-construction rule. In light of our supreme court's recent modification of the innocent-construction rule in *Chapski v. Copley Press* (1982), 92 Ill. 2d 344, 352, 442 N.E.2d 195, we decline consideration of any further changes in the rule.

Also, in view of our decision on the basis discussed above, we need not consider defendant's alternate arguments for affirmance raised in his appellate brief.

For the foregoing reasons we hold that the trial court's dismissal of plaintiff's complaint was proper.

Affirmed.

SEIDENFELD, P.J., and UNVERZAGT, J., concur.