DALE F. ZICKUR, Plaintiff-Appellant, *v.* ROBERT IRMIGER *et al.*, Defendants-Appellees.

(No. 72-191;

Second District—December 10, 1973.

806

Boyd L. Gates, and Glaeser & Burstein, of Dundee, for appellant.

Alschuler, Putman, McWethy, Weiss & Weiler, of Aurora, and Robert Irmiger, of Chicago, for appellees.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

After an order dismissed his complaint with prejudice, plaintiff appeals claiming the dismissal was in error in that his complaint did state a cause of action for fraud.

On October 14, 1968, plaintiff completed performance of certain services to Meadowdale Raceways (Meadowdale) and thereafter filed his claim for a mechanic's lien. Defendant, Armco Steel Corporation (Armco) had also performed services for Meadowdale. On August 29, 1969, through its attorney, defendant Robert Irmiger (Irmiger), Armco filed an amended complaint to foreclose its lien, naming plaintiff as a party defendant. The same day, Irmiger filed an affidavit for service by publication stating that upon due inquiry plaintiff could not be found and that despite diligent inquiry his residence could not be ascertained. Somehow plaintiff became aware of the pending foreclosure, and, on November 25, 1970, sought to intervene. This was denied on the basis that more than two years had elapsed from the time plaintiff had completed his services to Meadowdale. Plaintiff did not appeal from or take any action against this order but instead filed the instant case in September, 1971.

In addition to setting forth certain of the above information, the complaint alleged that Irmiger, prior to making the affidavit, had constructive notice that plaintiff was a resident doing business in the county and had actual notice of the address of plaintiff's attorney but failed to personally serve notice or summons upon the plaintiff as required by section 11 of the Mechanics Lien Act (Ill. Rev. Stat. 1969, ch. 82, sec. 11); that service by publication pursuant to the false affidavit was intended to improve the claim status of Armco; that this was a fraud and precluded plaintiff from timely intervening in the foreclosure action which resulted in Armco obtaining a preferred position over plaintiff and damaged plaintiff in the amount of his lien.

Fraud must be pleaded with specificity, particularity and cer-

tainty and must apprise the opposite party of what he is called upon to answer (*Davis v. Nehf*, 14 Ill.App.3d 318, 326, 302 N.E.2d 382, 388 (1973).) The following elements are essential in stating a cause of action for common-law fraud: (1) there must be a statement of material fact as opposed to opinion, (2) the statement made must be untrue, (3) the party making the statement must know or believe it to be untrue, (4) the person to whom the statement is made must believe and rely on it and have a right to do so, (5) the statement must have been made for the purpose of inducing the other party to act, and (6) the reliance by the person to whom the statement is made must lead to his injury. *Broberg v. Mann*, 66 Ill.App.2d 134, 139 (1965).

■■ While a motion to dismiss admits as true all allegations of fraud and acts alleged as constituting fraud (*Opelka v. Quincy Memorial Bridge Co.*, 335 Ill.App. 402, 411 (1948)) it does not admit conclusions of law or conclusions of fact unsupported by allegations of specific facts upon which such conclusions rest, *Pierce v. Carpentier*, 20 Ill.2d 526, 531 (1960).

■■ On the basis of the foregoing, and despite defendant's admission (by way of the motion to dismiss) that the statements contained in Irmiger's affidavit were false and known to be false, we find that plaintiff's complaint does not contain all of the allegations of fact necessary to state a cause of action in fraud. Nowhere in the complaint does plaintiff claim that the statements in the affidavit were made to him, that he was induced by them to act or that he relied upon them. (His alleged reliance was upon the statutory right to notice rather than upon statements made by defendants.) Having failed to set forth all of the necessary elements of fraud based upon misrepresentation, it was proper for the court to dismiss the complaint on that ground.

■■ For the first time in his reply brief, plaintiff changes position and argues that his complaint sets forth a statutory fraud in that his right to notice, required by Ill. Rev. Stat. 1969, ch. 82, sec. 11, was violated. In this claim he relies on *Stoxen v. Stoxen*, 6 Ill.App.3d 445 (1972), where this Court found fraud presumed as a matter of law. In the present case, however, failure to properly obtain service upon the plaintiff as required by statute does not, in and of itself, create a presumption of fraud upon which a separate cause of action will lie but rather renders any decree defective and subjects it to attack by a necessary party not properly before the court. *Henry DeCicco & Co. v. Drucker*, 101 Ill. App.2d 340, 343 (1968).

■■ Defendants' failure to properly serve summons in no way precluded plaintiff from initiating his own foreclosure proceedings within the two-year limit provided by Ill. Rev. Stat. 1969, ch. 82, sec. 9, nor,

808

under the circumstances, did it bar plaintiff from the timely challenge of any decree obtained by Armco.

For the reasons stated, the judgment will be affirmed.

Judgment affirmed.

GUILD, P. J., and SEIDENFELD, J., concur.