MICHAEL E. ZABOROWSKI *et al.*, Plaintiffs-Appellants, *v.* HOFFMAN ROSNER CORPORATION, Defendant-Appellee.

Second District (1st Division)    No. 75-510

Opinion filed October 21, 1976.

Thomas F. Howard, of Bloomingdale, and Herbert J. Loftus, of Addison, for appellants.

John Demling and Bruce McLennan, both of Demling & Jegen, of Glen Ellyn, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Plaintiffs, who are various owners of residences purchased from the defendant land developer corporation in the Village of Bloomingdale, filed suit based on alleged fraud and deceit to enjoin defendant from developing its remaining property across the street for other than single-family purposes. Alternatively they sought damages from any other zoning classification.

Plaintiffs' complaint is based upon a claim that defendant fraudulently represented to them that the property west of Bloomingdale Road would be developed as a single-family subdivision but that subsequently defendant petitioned the village board of Glendale Heights for annexation and reclassification of zoning for the property west of Bloomingdale Road. They allege that the zoning sought would damage the existing single-family character of the area and affect the quality of light and air presently enjoyed by the plaintiffs. Upon defendant's motion the complaint was dismissed for failure to state a cause of action. Plaintiffs appeal from the order of dismissal which was made final by the trial court.

Defendant's motion to dismiss alleges that the complaint fails to state a cause of action because it refers to inquiries made prior to the execution of the contracts of purchase, states a representation of future intention, does not describe the property west of Bloomingdale Road referred to; and that the purchase agreements provide that the contract constitutes the entire agreement with no representations, warranties, undertakings or promises, implied or otherwise having been made either by the seller or purchaser unless stated in the contract.

The homeowners contend that they have properly pleaded all of the

elements necessary to state a cause of action for fraud and deceit based upon a false representation of future conduct which they argue was part of the scheme used to accomplish the fraud; and that in any event since it does not clearly appear that no set of facts could be proved under the pleading which would entitle them to relief, the court erred in dismissing the complaint.

■■■ It has been clearly established that the elements of an action for fraud and deceit include a statement of a material fact, made for the purpose of inducing the other party to act; known to be false by the maker, not known to be false by the other party but reasonably believed to be true, and upon which he relies and acts to his damage. (*Roda v. Berko*, 401 Ill. 335, 340 (1948); see also *Davis v. Nehf*, 14 Ill. App. 3d 318, 325 (1973); *Welch v. Brunswick Corp.*, 10 Ill. App. 3d 693, 698 (1973); *Broberg v. Mann*, 66 Ill. App. 2d 134, 139 (1965); *Polivka v. Worth Dairy, Inc.*, 26 Ill. App. 3d 961, 966 (1974).) It also has been well established in Illinois that a promise to perform an act even though the party intends at the time he makes the promise not to perform is an insufficient false representation to constitute fraud. (*Roda v. Berko*, 401 Ill. 335, 340 (1948).) A rationale of the rule is that in order to constitute fraud the representation must be an affirmance of fact and not a mere promise or expression of opinion or intention; or in other words "the fraud must be in the original contract or transaction and not in its non-fulfillment." (*Luttrell v. Wyatt*, 305 Ill. 274, 281 (1922); *Hayes v. Disque*, 401 Ill. 479, 488 (1948).) However, an exception is stated in *Roda v. Berko*, at page 340:

" * * * in cases where the false promise or representation of intention or of future conduct is the scheme or device to accomplish the fraud and thereby cheat and defraud another of his property, equity will right the wrong by restoring the parties to the positions they occupied before the fraud was committed. * * *"

See also *Willis v. Atkins*, 412 Ill. 245, 260 (1952); *Carroll v. First National Bank*, 413 F.2d 353, 358 (7th Cir. 1969).

The alleged misrepresentation of fact pleaded in the complaint before us is:

"5. That to induce plaintiffs to enter into said contract, defendant falsely and fraudulently represented to plaintiffs that the property west of Bloomingdale Road would be developed into a 200 home single family subdivision."

Defendant argues that the complaint fails to allege that the representation that the property west of Bloomingdale Road "would be developed" into a single-family subdivision was false when made or that the defendant salesman who made the statement knew or believed it to be false when made. Defendant also argues that the plaintiffs have not pleaded any facts which show that they had a right to rely on the

representation since it could only amount to an oral covenant to develop land, unenforceable under the statute of frauds and relating to the legislative function of zoning.

Neither a "prophecy of future developments" nor a representation "merely boosting the property" relating to what will happen in the future amount to actionable fraud. (*Cf. Owens v. Union Bank of Chicago*, 260 Ill. App. 595, 602 (1931).) Plaintiffs contend, however, that the representation of a matter of future intention as to which the party making the promise has "special knowledge, expertise, and inside information" is actionable as fraud. *Owens v. Union Bank of Chicago* has been cited by plaintiffs as illustrative of this exception to the general rule that promises of future intentions are not actionable as fraud. The case does not stand for the proposition that every promise as to future intention as to which the promisor has such special knowledge is actionable. *Owens* relates rather to the rule that the misrepresentation that the real estate would be in a particular place or city by one who has special knowledge and which has induced the purchaser to enter into a contract is a present representation of the location of property not a prophecy of future developments and is "generally recognized by the courts as ground for voiding the contract." *Owens v. Union Bank of Chicago*, 260 Ill. App. 595, 600 (1931). See also *Lickus v. O'Donnell*, 321 Ill. App. 144, 147 (1943).

Moreover, here the complaint does not allege that defendant's salesman representing the defendant corporation did in fact possess special knowledge of particular plans.

Plaintiffs have also placed considerable reliance upon *Roda v. Berko*, 401 Ill. 335 (1948), as illustrating that the false promise of future conduct is actionable when it is the "scheme used to accomplish the fraud." *Roda v. Berko*, however is distinguishable on its facts. Under the pleadings it appeared Berko induced Roda to sell her property by falsely representing that he would construct a factory building on adjoining property but intended instead to place a junk yard on the property.

The complaint included allegations that when Berko left plaintiff's home to have the deed made she told him she wanted a clause that the property would revert to her unless used for a factory; that she signed the deed which did not contain the reverter after Berko had told her she could rely upon him with complete confidence and he would reconvey the property if a factory was not built within three months; that Berko later stated that he never intended to build a factory but purchased it for a junk yard and did not tell plaintiff because then she would not have sold it to him. The court concluded that a scheme to deprive Roda of her property was pleaded stating a good cause of action predicated on fraud and the making of false representations which entitled Roda to rescission of the contract and restoration of the status quo.

It is not enough, however, that the party make a false promise not intending to keep it; the total facts must show a scheme or device to defraud. See *Luttrell v. Wyatt*, 305 Ill. 274, 281-82 (1922).

■■■ Fraud must be pleaded with specificity; and while a motion to dismiss admits allegations of fraud properly pleaded it does not admit conclusions of law or conclusions of fact unsupported by specific facts. (See *Zickur v. Irmiger*, 15 Ill. App. 3d 805, 807 (1973).) The pleadings before us do not allege sufficient specific facts to state all of the elements of a cause of action for fraud and deceit.

Plaintiffs argue that since it does not clearly appear that no set of facts could be proved under the pleadings which would entitle them to relief that the complaint should not have been dismissed without giving them an opportunity to amend. (See *Courtney v. Board of Education*, 6 Ill. App. 3d 424, 425-27 (1972).) While it appears quite likely that no set of facts could be proved by each of the numerous plaintiffs which would entitle them to the relief sought we need not so decide. No amendment was sought. See *Broberg v. Mann*, 66 Ill. App. 2d 134, 138-39 (1965); *Zamouski v. Gerrard*, 1 Ill. App. 3d 890, 898 (1971).

The judgment is affirmed.

Affirmed.

GUILD, P. J., and RECHENMACHER, J., concur.