JAMES YOUNGER *et al.*, Plaintiffs-Appellees, *v.* GERALD REVELLE, Defendant-Appellant.

Fifth District    No. 79-218

Opinion filed November 14, 1979.

2

John L. McMullin and Michael J. Pitzer, both of Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, of St. Louis, Missouri, for appellant.

Robert F. Kaucher, of Kaucher, Collins & Ligman, of Belleville, for appellees.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendant, Gerald Revelle, appeals from the judgment of the Circuit Court of Madison County awarding $15,000 to plaintiffs James and Justine Younger in their action to recover damages allegedly caused by fraudulent misrepresentations made by defendant.

Defendant owned and operated two Pizza Inn Restaurants, one in St. Louis and the other in Wood River, Illinois. The Wood River facility, which had originally made a profit, apparently began losing money in the spring of 1976 because of management problems. On May 10, 1976, defendant and plaintiff James Younger, an unemployed certified public accountant and a neighbor and friend of defendant, entered into an oral agreement whereby plaintiffs were to pay defendant $10,000 and receive in exchange an ownership interest in the Illinois restaurant to be effective June 1, 1976.[1] It was also agreed by the parties that plaintiff would not receive a salary if the business did not return a profit; however, according to Mr. Younger, once the restaurant began to make a profit his wife would be paid up to $1,000 a month depending upon the availability of funds.

---

[1] Plaintiffs testified that they were to receive a 49% interest whereas defendant indicated that only a 45% interest was to be transferred on June 1, 1976.

Defendant testified that he and plaintiffs had agreed to operate as a partnership, commencing June 1, 1976, until the profits were sufficient to pay for the drafting of the incorporation and ownership papers. Defendant also indicated that upon the preparation of the ownership documents plaintiffs would assume their percentage of the existing business loans which were substantial. It was James Younger's understanding that ownership papers were to be drafted "as soon as possible" by defendant's attorney at defendant's expense.

Before entering into the oral agreement, plaintiff James Younger saw the restaurant's balance sheets and profit and loss statements for the early months of 1976. He was well aware that the business was not making a profit but believed he could "turn the business around." He did not feel that defendant misled him as to quality of the Wood River restaurant.

Plaintiffs paid defendant the $10,000 in two installments and on June 1, 1976, took over the operation of the business. They fired the manager and ran the business without interference from defendant until September 10 or 11, at which time they "walked away" from the restaurant without first notifying defendant. In the 3½ months plaintiffs operated the restaurant no profits were made and consequently no salary was paid to either Mrs. Younger or her husband.

The "ownership papers" were never prepared and none of the business records and accounts, all held in the name of Gerald Revelle, d/b/a Pizza Inn, had been changed to reflect the joint ownership. Mr. Younger testified that between June 1, 1976, and the early part of September, he had asked defendant on three occasions for documentation and papers showing plaintiffs' part ownership of the restaurant. He further testified that he did not ask his own attorney to draft the documents although he could have done so; nor did he notify defendant that he and his wife would leave the business if the papers were not prepared.

Plaintiffs brought this present action to recover the $10,000 invested in the business and the cash value of their services. As a basis for recovery, plaintiffs alleged in their complaint that defendant had made the following misrepresentations as part of his fraudulent scheme:

"[4](a) The ownership transfer documents would be drawn up and delivered to the plaintiffs and they would, in fact, become forty nine percent (49%) owners of the business; and that they, as owners, would have access to the firm's accounts, books and bank accounts;

(b) The business would be making a profit when the manager was fired;

(c) The manager of the business was being paid $700 per month and being supplied a car, and the plaintiff, Justine Younger, would be able to do that and more."

Defendant's motion to dismiss the complaint for failure to state a cause of action was denied. Following a bench trial, judgment was entered in favor of plaintiffs.

On appeal, defendant contends that the trial court erred in refusing to grant his motion to dismiss the complaint because the complaint failed to set forth any specific allegations of fraud. In addition, he argues that the evidence at trial likewise demonstrated the absence of any fraudulent misrepresentations made by defendant.

■■ It is well established that fraud must be pleaded with such specificity, particularity and certainty as to apprise the opposing party of what he is called upon to answer. (*Zickur v. Irmiger* (1973), 15 Ill. App. 3d 805, 304 N.E.2d 635.) To state a cause of action of common law fraud, the party must allege that the statement made was of material fact as opposed to opinion; that it was untrue; that the party making the statement knew or believed it to be untrue; that the opposing party believed and relied on it and had a right to do so; that the statement was made for the purpose of inducing the other party to act; and that the other party's reliance thereon led to his injury. (*Zickur v. Irmiger*; *Broberg v. Mann* (1965), 66 Ill. App. 2d 134, 213 N.E.2d 89.) It necessarily follows that a prophecy of future developments or an expression of opinion relating to expectations or contingent events does not constitute an actionable misrepresentation where such prophecy or expression was merely an example of "puffing" or "boosting" and not intended as a statement of present fact. (See *Zaborowski v. Hoffman Rosner Corp.* (1976), 43 Ill. App. 3d 21, 356 N.E.2d 653; *Metropolitan Bank & Trust Co. v. Oliver* (1972), 4 Ill. App. 3d 975, 283 N.E.2d 62.) Applying these principles, it is clear that paragraphs 4(b) and 4(c) of the complaint contain allegations insufficient to state a cause of action for fraud. The statements alleged therein were nothing more than an expression of defendant's opinion of the future profitability of the restaurant upon which plaintiffs had no right to rely. See *Hayes v. Disque* (1948), 401 Ill. 479, 82 N.E.2d 350.

■■ ■ The allegations contained in paragraph 4(a), to the effect that defendant represented to plaintiffs that ownership papers *would* be drafted; that the business records and accounts *would* be made available to plaintiffs; and that plaintiffs *would* become part owners of the business, pose a more difficult question whether they give rise to a cause of action. While it has long been held that recovery for fraud cannot be based on a false representation of intention or future conduct, the supreme court in *Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 371 N.E.2d 634, recognized an exception to the rule "where the false promise or representation of future conduct is alleged to be the scheme employed to accomplish the fraud." (69 Ill. 2d 320, 334, 371 N.E.2d 634, 641.) Although we have some difficulty with the applicability of the exception to the

present situation, we need not decide this issue as it has little bearing on the outcome of the controversy. Presupposing that the complaint stated a cause of action, the evidence at trial failed to establish the existence of fraud by clear and convincing proof. See *Costello v. Liberty Mutual Insurance Co.* (1976), 38 Ill. App. 3d 503, 348 N.E.2d 254.

It is plaintiffs' position on appeal that defendant never intended to transfer an ownership interest in the business to plaintiffs and used representations to the contrary as a scheme to defraud plaintiffs of $10,000 and their labor. The evidence at trial belies this contention. Defendant admitted repeatedly at trial and in his brief that he considered plaintiffs the part owners of the Wood River restaurant. Although no "ownership papers" had been prepared or accounts or books changed to reflect plaintiffs' interest, there was no specific time schedule agreed upon by the parties when this event would occur. The fact that plaintiffs may have requested defendant on three occasions to have the documentation prepared is certainly not indicative of any fraudulent misrepresentation. At most, it demonstrated defendant's negligence or the existence of a broken promise, not a deliberate scheme devised to deprive plaintiffs of their money or labor. (Compare *Roda v. Berko* (1948), 401 Ill. 335, 81 N.E.2d 912.) Furthermore, plaintiff James Younger admitted at trial that the only difference the preparation of the papers would have made in the operation of the business would be to reflect the oral ownership agreement on the accounting books and record.

On the basis of the record, we find no evidence of any misrepresentations made by defendant, any scheme or intent to defraud plaintiffs, or any resultant injury. There is no indication that plaintiffs received anything other than what they bargained for, except for the possible prompt preparation of the so-called "ownership documents" which, as Mr. Younger conceded, did not cause him any tangible injury. In consideration of the $10,000 paid to defendant, they received a 45% or 49% interest in the restaurant, had the opportunity to manage and "turn around" the business, and had the right to receive certain profits, if any were made. The decision to walk away from the business apparently was motivated by the failure of the business, which they knew had been unprofitable, and by a possible desire to avoid any of the liabilities associated with its ownership.

Accordingly, we hold that the evidence failed to support the trial court's finding of a fraudulent scheme perpetrated by defendant on plaintiffs. We therefore reverse the judgment of the Circuit Court of Madison County.

Reversed.

JONES, P. J., and KASSERMAN, J., concur.