FRANK ZARET, d/b/a Alba Builders, Plaintiff-Appellant, *v.* JOLIET PARK DISTRICT *et al.*, Defendants-Appellees.

Third District    No. 80-156

Opinion filed December 22, 1980.

Frank Zaret, of Joliet, *pro se.*

Byron D. Knight, of Judge, Drew, Cipolla & Kurnik, Ltd., of Park Ridge, for appellees.

Mr. JUSTICE BARRY delivered the opinion of the court:

Plaintiff Frank Zaret has appealed pro se from the dismissal of his third amended complaint purporting to be an action for libel. According to the allegations of the complaint, plaintiff submitted a bid for roofing work on a swimming facility belonging to the Joliet Park District, defendant herein. The Park District Board awarded the contract for the job to Adler Builders based upon a bid $564 higher than plaintiff's bid. After the Park District Board meeting, the Joliet Herald published the following account:

> "The Joliet Park Board on Monday night accepted the high bid of $8,564 from Adler Roofing to make roof repairs at Inwood Recreation Center. The low bid of $8,000 from Alba Builders was rejected without discussion. Commissioner Paul Briese made the motion to go with the high bidder. After the meeting he said he felt Adler would do a better job, and he was not that familiar with Alba."

In his pro se complaint, plaintiff alleged that the foregoing publication was "without foundation," "a breach of priviledge [*sic*], and Libel per. se." In addition, plaintiff recounted at length his subsequent demands for an apology, the board's failure to take any action following those demands, and a wide assortment of past insults and offenses against plaintiff allegedly perpetrated by various public boards and officials. Most of these allegations can be characterized as irrelevant to the cause of action for libel which is the apparent basis of the suit, and as such, they must be disregarded.

We note initially that Park Commissioner Briese is not a party to this action, and also that the Joliet Herald Newspaper was never served with process and is similarly not a party to this suit.

Plaintiff asserts that the complaint was erroneously dismissed because the publication was injurious to his reputation as a builder, because the board's refusal to explain why the high bid was accepted was an abuse of

privilege and power, and because the board's silence is negative to plaintiff. The threshold issue is whether or not the published words were defamatory, and we conclude that they were not.

> "A defamation is the publication of anything injurious to the good name or reputation of another, or which tends to bring him into disrepute." (*Whitby v. Associates Discount Corp.* (1965), 59 Ill. App. 2d 337, 340, 207 N.E.2d 482, 484.)

In order to give rise to a cause of action, the defamatory words must have also been falsely communicated. (*Hudson v. Slack Furniture Co.* (1943), 318 Ill. App. 15, 47 N.E.2d 502.) In the case before us, the alleged defamation was the statement by Briese that he felt Adler Roofing would do a better job than Alba.

A similar expression of opinion was the subject of litigation in the case of *Byars v. Kolodziej* (1977), 48 Ill. App. 3d 1015, 363 N.E.2d 814, where a political science professor at the University of Illinois brought a libel action based upon statements by the head of the political science department that neither the quantity nor the quality of Byars' published work justified a grant of tenure. In affirming the dismissal of the complaint, the reviewing court said:

> "It cannot be said that every expression of opinion touching on a person's capabilities or qualifications constitutes a defamation no matter how much the complained of statement may injure the subject person in his own conception. The 'requirements for actionable libel are strict in the interests of protecting freedom of expression.' * * * . Here, the statements complained of were the defendant Kolodziej's opinion of the plaintiff's qualifications for tenure. In the first analysis, these statements would not appear to be defamatory as they constitute mere opinion of the plaintiff's qualifications for a permanent position at the university. To hold such statements defamatory would chill the right of every person to form and express an opinion on matters of public interest." (48 Ill. App. 3d 1015, 1017-18, 363 N.E.2d 814, 816.)

We believe the same to be true in the case at bar. Commissioner Briese merely expressed his opinion that he thought the higher bidder would do a better job than plaintiff. Such a comment is not defamatory and, hence, the trial court did not err in dismissing the third amended complaint for failure to state a cause of action.

Taken with the case is defendant's motion to dismiss this appeal for failure to file a notice of appeal within the time specified in Supreme Court Rule 303(a) (Ill. Rev. Stat. 1979, ch. 110A, par. 303(a)). Although we agree that the notice of appeal was not timely, in the exercise of our judicial discretion we have elected to consider the merits of the appeal, and the motion is denied.

For the reasons stated, the judgment of the circuit court of Will County is affirmed.

Affirmed.

ALLOY, P. J., and SCOTT, J., concur.