PAUL RENARD, Plaintiff-Appellant, *v.* COLUMBIA BROADCASTING SYSTEM, INC. *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 83—1798

Opinion filed August 7, 1984.

Arnold Rubin, of Chicago, for appellant.

Reuben & Proctor, of Chicago (Samuel Fifer and James R. Daly, of counsel), for appellees.

JUSTICE STAMOS delivered the opinion of the court:

This is an action for libel, conspiracy to libel, malicious injury to property rights and conspiracy to maliciously injure property rights against all of the defendants, and for fraud and conspiracy to defraud against defendants Columbia Broadcasting System, Inc., CBS Inc., Harry Porterfield and James Hatfield. The trial court granted defendants' motion to dismiss plaintiff's amended complaint, finding that plaintiff had failed to state a cause of action under section 2—615 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1979, ch. 110, par. 2—615). Plaintiff appeals.

The instant case arose from the broadcast by defendants on April 13, 1980, of a public interest program entitled "Two on Two," which contained a segment describing plaintiff's "Music Dynamics" piano program and a 10-week Northwestern University beginning piano course. Plaintiff's program differs from the Northwestern program in that plaintiff teaches students to read and play music by responding to the numerical distances between notes, while the Northwestern course teaches through traditional methods. The stated purpose of the "Two on Two" segment was to examine beginning piano courses for adults who wished to attain a moderate level of skill in playing that instrument. Instructors and students from each school were interviewed and students were filmed while practicing. The Northwestern

students were shown playing a simplified, rehearsed piece, while plaintiff's students were shown playing complex pieces at first sight. The television audience was not informed of the different circumstances under which the students from the two schools were performing.

"Two on Two" concluded the segment by showing the tapes of the students to defendant Sally Bauer, an assistant professor of piano from Roosevelt University, and asking her opinion as to which program would be better for an adult who wished to attain a moderate level of skill in playing the piano. Mrs. Bauer responded:

"[f]rom the tapes that we have seen of those two programs, they're without question, the musical level in the Northwestern program exceeds that of the other program. The people that you have spoken with and heard at Music Dynamics are very enthused about their work. But, I see greater independence musically in the works of the students at Northwestern."

The "Two on Two" commentator then stated:

"Mrs. Bauer emphasized that the best way to judge any program is by whether it helps the student learn to play as well as he or she wants to learn. While a Music Dynamics student might to some ears sound a bit mechanical and lack complete musicianship, Mrs. Pauline Archias is quite satisfied. She began with Renard twelve years ago at age 68 after another piano instructor told her she was too old for lessons. Today, at 80, her playing brings enjoyment to her and her friends.

The segment concluded with advice on choosing a piano teacher, the commentators stating: ·

"Experts we've talked with said go to an established college or school and attend a student recital. If the students play well, they probably have good teachers. Our expert said. 'don't automatically sign up for lessons at the store where you bought your piano, and don't pick a teacher just because he or she lives near you.' If possible, select an instructor who belongs to the Illinois State Music Teachers Association. The membership is usually an assurance of quality."

Plaintiff filed suit for libel, conspiracy to libel, malicious injury to property rights, conspiracy to injure property rights, fraud and conspiracy to defraud, alleging a conspiracy by defendants CBS and Roosevelt University and their employees and subsidiaries to injure plaintiff's reputation in order to benefit Roosevelt's music school and CBS's subsidiaries' sales of pianos and electronic organs. Defendants moved to dismiss plaintiff's original complaint and their motion was

granted on October 4, 1982. Plaintiff thereafter filed an amended complaint and amendments thereto. Defendants again moved to dismiss under section 2—615 of the Code of Civil Procedure, and the trial court granted the motion with prejudice, finding that plaintiff's complaint failed to state a cause of action. Plaintiff appeals.

The trial court dismissed plaintiff's amended complaint because it was insufficient as a matter of law to state a claim for libel and was therefore insufficient to state a claim for malicious injury to property rights, fraud or conspiracy. Plaintiff contends on appeal that his complaint adequately pleads libel *per se*. Words are considered libelous *per se* if they are so obviously and naturally hurtful that proof of injury is not necessary. (See *Colson v. Stieg* (1980), 86 Ill. App. 3d 993, 995, 408 N.E.2d 431, *aff'd* (1982), 89 Ill. 2d 205, 433 N.E.2d 246.) The four categories of statements considered defamatory *per se* are set out in *Richardson v. Dunbar* (1981), 95 Ill. App. 3d 254, 419 N.E.2d 1205. According to plaintiff, the fourth category is applicable here: words that prejudice a particular person in the conduct of his profession or trade. See 95 Ill. App. 3d 254, 259.

Alternatively, plaintiff contends that his complaint sufficiently states a claim of libel *per quod*, a theory under which the plaintiff must prove an innuendo and allege special damages. (See *Bruck v. Cincotta* (1977), 56 Ill. App. 3d 260, 264, 371 N.E.2d 874; see also *Richardson v. Dunbar* (1981), 95 Ill. App. 3d 254, 260, 419 N.E.2d 1205.) We need not decide the question of whether this allegation sufficiently pleads libel *per se* or *per quod* because plaintiff's complaint is deficient on a more fundamental level; the words are not defamatory.

An exhaustive review of the law of defamation, particularly the innocent construction rule, was undertaken by our supreme court in *Chapski v. The Copley Press* (1982), 92 Ill. 2d 344, 442 N.E.2d 195. There the court concluded:

> "[A] written or oral statement is to be considered in context, with the words and the implications therefrom given their natural and obvious meaning; if, as so construed, the statement may reasonably be innocently interpreted *** it cannot be actionable *per se*. This preliminary determination is properly a question of law to be resolved by the court in the first instance." (92 Ill. 2d 344, 352.)

It is clear that the circuit court correctly determined as a matter of law that the "Two on Two" segment featuring plaintiff's music school was not defamatory. The segment merely examined two beginning piano courses and elicited an informal opinion from a third party as to the merits of each; it contained no false statements of fact injurious

to plaintiff's reputation. Furthermore, the trial court correctly held that the comments of Mrs. Bauer were, under any reasonable construction, merely her opinion as to the merits of the two music programs featured in the broadcast and thus were not actionable. See *Zaret v. Joliet Park District* (1980), 91 Ill. App. 3d 225, 227, 415 N.E.2d 659.

Because the remaining counts of plaintiff's amended complaint are dependent upon plaintiff's ability to state a claim for defamation, the trial court correctly held that these counts also failed to state a cause of action. Dismissal of a complaint for failure to state a cause of action is a matter within the discretion of the trial court. This rule applies equally to actions for defamatory damages. *Antonelli v. Field Enterprises, Inc.* (1983), 115 Ill. App. 3d 432, 436, 450 N.E.2d 876.

Plaintiff argues that Illinois' innocent construction rule is violative of due process and equal protection under the Federal and Illinois constitutions. This argument is clearly without merit, as the only authority cited by plaintiff in support of this contention is *MacLeod v. Tribune Publishing Co.* (1959), 52 Cal. 2d 536, 343 P.2d 36, which condemns the same type of hair-splitting innocent construction decisions cited by our supreme court as the reason for its revision of the innocent construction rule in *Chapski*. Plaintiff's argument that suitors denied recovery for statements which can reasonably be innocently construed are denied equal protection and due process of law is unsupported by any authority and contradicts our supreme court's decision in *Chapski*.

Plaintiff next contends that the trial court erred in finding that his amended complaint failed to state a cause of action for fraud. Plaintiff's complaint alleged that defendants induced him to allow them to photograph and interview him and his students by fraudulently representing to plaintiff that the "Two on Two" segment would feature his music school exclusively.

Among the elements necessary for recovery for fraud is an injury caused by one party's reliance on the false representations of another. (See *Younger v. Revelle* (1979), 78 Ill. App. 3d 1, 4, 397 N.E.2d 221.) We have previously determined that the trial court correctly held that plaintiff has not been defamed in the instant case. Therefore, plaintiff has suffered no injury as the result of any representations made by defendants and has not stated a cause of action for fraud or for conspiracy to defraud.

Plaintiff finally contends that the simultaneous representation by the same counsel of defendant Bauer and the remaining defend-

ants is a prohibited conflict of interest and that the trial court erred in failing to take action to eliminate this conflict. Absent a complaint by the affected client, a party has no status to object to the representation of an adverse party by an attorney of his choice. "Only a party who sustains a relation of client to an attorney who undertakes to represent conflicting interests may be entitled to object to such representation." *Murchison v. Kirby* (S.D.N.Y. 1961), 201 F. Supp. 122, 123-24, quoting 7 C.J.S. *Attorney & Client* sec. 47, at 827.

For the reasons expressed above, the decision of the circuit court is affirmed.

Affirmed.

HARTMAN, P.J., and DOWNING, J., concur.