136 Ill. App.3d 1019 (1985)
483 N.E.2d 965
AMERICAN INTERNATIONAL HOSPITAL, Plaintiff-Appellant,
v.
CHICAGO TRIBUNE COMPANY et al., Defendants-Appellees.
No. 84-2492.
Illinois Appellate Court  First District (2nd Division).
Opinion filed September 17, 1985.
*1020 Donald T. Morrison & Associates, P.C., of Waukegan (Donald T. Morrison, of counsel), for appellant.
Lawrence Gunnels and Charles J. Sennet, both of Chicago, for appellees Chicago Tribune Company and William Gaines.
Fraterrigo, Best & Beranek, of Wheaton, for appellee The Joint Commission on Accreditation of Hospitals.
Judgment affirmed.
JUSTICE HARTMAN delivered the opinion of the court:
Plaintiff appeals from the circuit court's dismissal on remand of an amended complaint sounding in libel, raising as issues whether: (1) the defense of truth is applicable; (2) the alleged defamations are actionable in light of the innocent construction rule; and (3) the amended complaint alleges a cause of action for libel per quod.
On September 19, 1980, the following article written by defendant William Gaines was published by defendant Chicago Tribune Company (Tribune):
*1021 
*1022 On the same day, September 19, 1980, plaintiff initiated a defamation action in the circuit court, naming Gaines, the Tribune, and the Joint Commission on Accreditation of Hospitals (JCAH) as defendants. The circuit court dismissed plaintiff's amended complaint, and plaintiff appealed to this court. In American International Hospital v. Chicago Tribune Co. (1983), 120 Ill. App.3d 435, 458 N.E.2d 1305, we reversed the dismissal order and remanded the cause for the circuit court to consider the amended complaint in light of the innocent-construction rule as restated in Chapski v. Copley Press (1982), 92 Ill.2d 344, 442 N.E.2d 195.
Upon remand, Gaines and the Tribune, as well as the JCAH, filed renewed motions to dismiss the complaint. On September 18, 1984, the circuit court entered an order which concluded, as a matter of law, that the language complained of was protected by the defense of truth and was also nonactionable under the prevailing innocent construction rule. The court accordingly dismissed the amended complaint with prejudice from which plaintiff appeals.

I
Plaintiff contends that the circuit court erroneously dismissed the amended complaint on the ground that the allegedly defamatory language was truthful and therefore nonactionable as a matter of law.
 1 A motion to dismiss admits all well-pleaded facts and reasonable inferences that can be drawn therefrom. (Knox College v. Celotex Corp. (1981), 88 Ill.2d 407, 426, 430 N.E.2d 976; Davis v. Keystone Printing Service, Inc. (1982), 111 Ill. App.3d 427, 433, 444 N.E.2d 253.) Conclusions of law or fact unsupported by specific factual allegations, however, are not admitted by such a motion. (Knox College v. Celotex Corp. (1981), 88 Ill.2d 407, 430 N.E.2d 976.) In a defamation action, a complaint must clearly identify the specific defamatory material complained of. (Heying v. Simonaitis (1984), 126 Ill. App.3d 157, 163, 466 N.E.2d 1137; Altman v. Amoco Oil Co. (1980), 85 Ill. App.3d 104, 108, 406 N.E.2d 142.) Truth is a defense to a defamation action. (Emery v. Kimball Hill, Inc. (1983), 112 Ill. App.3d 109, 112, 445 N.E.2d 59; Altman v. Amoco Oil Co. (1980), 85 Ill. App.3d 104, 107, 406 N.E.2d 142.) To establish such a defense defendant need only demonstrate the truth of the "gist" or "sting" of the defamatory material. (Kilbane v. Sabonjian (1976), 38 Ill. App.3d 172, 175, 347 N.E.2d 757; Sivulich v. Howard Publications, Inc. (1984), 126 Ill. App.3d 129, 131, 466 N.E.2d 1218.) Thus, only "substantial truth" is required for this defense (Farnsworth v. Tribune Co. (1969), 43 Ill.2d 286, 293-94, 253 N.E.2d 408), which may be raised by a motion to dismiss *1023 (Kilbane v. Sabonjian (1976), 38 Ill. App.3d 172, 347 N.E.2d 757). The dismissal of a complaint for failure to state a cause of action, including one for defamation, rests with the discretion of the trial court. Antonelli v. Field Enterprises, Inc. (1983), 115 Ill. App.3d 432, 436, 450 N.E.2d 976; Renard v. Columbia Broadcasting System, Inc. (1984), 126 Ill. App.3d 563, 567, 467 N.E.2d 1090.
Here, the circuit court correctly found that the defense of truth applied to the alleged defamatory material complained of in count I, which alleged that "[t]he headline `Zion Hospital Refused Accreditation by Panel' and the statement that plaintiff `has been refused accreditation by the JOINT COMMISSION ON ACCREDITATION OF HOSPITALS;' were, and are, wholly false and have injured plaintiff in its business reputation." Plaintiff argues that this allegation should be taken as true for purposes of the motion to dismiss.
Plaintiff, however, also alleged in count I that JCAH had "decided not to accredit" plaintiff and "to revoke the accreditation," characterizing the JCAH's action as a "preliminary adverse decision." Moreover, a copy of JCAH's letter to plaintiff, informing it of JCAH's decision "not to accredit" it, was attached as an exhibit to the complaint. Such exhibits are considered integral parts of the complaint, and any facts stated therein are considered the same as those alleged in the complaint itself. (Davis v. Keystone Printing Service, Inc. (1982), 111 Ill. App.3d 427, 444 N.E.2d 253. See also Ill. Rev. Stat. 1983, ch. 110, par. 2-606.) Plaintiff's allegation that the challenged language was "false," a conclusion not based on any factual allegations  and, in fact, internally contradicted by the previously quoted allegations and exhibit  therefore cannot be taken as true.
Plaintiff's own characterization of JCAH's action as a decision to "revoke" plaintiff's accreditation or "not to accredit" plaintiff is not substantially different from the Tribune's statement that plaintiff was "refused accreditation." The transitive verb "refuse" is defined as "to decline to accept." (Webster's Third International Dictionary 1910 (1966).) The JCAH's action here can be fairly described as a decision to decline acceptance of plaintiff's continued accreditation. The alleged defamatory statements cited in count I thus are substantially true.
Plaintiff asserts that its accreditation was never actually lost, in that it appealed the nonaccreditation decision, during which time the prior accreditation remained in effect, and that the JCAH subsequently accredited plaintiff for a one-year period. We must reject this argument. Plaintiff conceded in its complaint that a nonaccreditation decision, fairly described by the Tribune as a "refusal" of accreditation, *1024 had, in fact, been rendered. The subject newspaper article, moreover, indicated that the decision was appealable and that plaintiff intended to appeal it. Finally, the fact that plaintiff ultimately was granted accreditation on November 4, 1980, does not affect the substantial truth of the Tribune's report as of September 19, 1980, the date of the article's publication. See Emery v. Kimball Hill, Inc. (1983), 112 Ill. App.3d 109, 445 N.E.2d 59.
Count II is essentially a reallegation of the points enumerated in count I, with the additional allegation that the subject article was part of defendant's continuing effort to discredit plaintiff, through certain "Task Force" articles published by the Tribune. The amended complaint neither sets forth nor challenges the specific contents of these "Task Force" articles, which also are not attached as exhibits. Thus, the only words expressly alleged as defamatory are those challenged in count I, realleged and incorporated in count II. The defense of truth therefore applies equally to count II as it does to count I.
Count III alleged that JCAH communicated the following false and defamatory matter to the Tribune, knowing that the Tribune would print such matter: "(1) that AMERICAN INTERNATIONAL HOSPITAL has been refused accreditation, (2) that no appeal was filed from the survey recommendations, (3) that AMERICAN INTERNATIONAL HOSPITAL has lost standing in the community and its public image is marred." Plaintiff neither identified the speaker nor attached a copy of the allegedly defamatory matter to its complaint. While the first and second of the challenged statements appear to be substantially true, the third does not. Nevertheless, the dismissal of count III was proper for other reasons, as will be explained hereinafter.

II
Plaintiff urges that the innocent construction rule does not render the instant defamatory statements nonactionable.
 2 In Illinois, the rule of innocent construction has been used to determine whether particular language constitutes libel per se, in that the words are, in and of themselves, so obviously and naturally harmful, that proof of special damages is unnecessary. (Fried v. Jacobson (1983), 99 Ill.2d 24, 27, 457 N.E.2d 394.) With respect to corporate plaintiffs, as here, the alleged libel must assail a corporation's financial or business methods or accuse it of fraud or mismanagement. (Audition Division, Ltd. v. Better Business Bureau (1983), 120 Ill. App.3d 254, 256, 458 N.E.2d 115; Garber-Pierre Food Products, Inc. v. Crooks (1979), 78 Ill. App.3d 356, 360, 397 N.E.2d 211.) In Chapski *1025 v. Copley Press (1982), 92 Ill.2d 344, 352, 442 N.E.2d 195, the supreme court defined the parameters of the innocent construction rule as it is currently applicable:
"[A] written or oral statement is to be considered in context, with the words and the implications therefrom given their natural and obvious meaning; if, as so construed, the statement may reasonably be innocently interpreted or reasonably be interpreted as referring to someone other than the plaintiff it cannot be actionable per se. This preliminary determination is properly a question of law to be resolved by the court in the first instance."
Under the foregoing rule, the headline and the body of the text at issue are to be read together. Antonelli v. Field Enterprises, Inc. (1983), 115 Ill. App.3d 432, 435, 450 N.E.2d 976; Dauw v. Field Enterprises, Inc. (1979), 78 Ill. App.3d 67, 71-72, 397 N.E.2d 41.
In the case sub judice, the circuit court correctly found that the alleged defamations were rendered nonactionable by the innocent construction rule. As to the Tribune article, the challenged statements in the headline and first sentence, that plaintiff was "refused accreditation," are explained by the subsequent statement that the JCAH "decided not to renew" plaintiff's accreditation. The decision not to renew an accreditation does not reasonably connote that the subject hospital was deficient in its financial or business practices or guilty of fraud or mismanagement. (See Matchett v. Chicago Bar Association (1984), 125 Ill. App.3d 1004, 1010, 467 N.E.2d 271.) Moreover, the impact of such a nonaccreditation decision, including the hospital's right of appeal, was fully delineated here. Viewed in context, it cannot be said that the challenged language was so obviously and naturally harmful as to have damaged plaintiff's reputation.
The alleged defamations by JCAH defined in count III are not actionable per se, as they do not assail plaintiff's business or financial methods, or accuse it of fraud or mismanagement. See Garber-Pierre Food Products, Inc. v. Crooks (1979), 78 Ill. App.3d 356, 397 N.E.2d 211.

III
 3 Plaintiff maintains that the circuit court erroneously applied the innocent construction rule to dismiss its complaint, which set forth a cause of action in libel per quod. We disagree.
An action for libel per quod is established where a publication not libelous on its face is rendered defamatory by extrinsic facts, or innuendo, and special damages are proved. (Audition Division, Ltd. v. *1026 Better Business Bureau (1983), 120 Ill. App.3d 254, 258, 458 N.E.2d 115; Bruck v. Cincotta (1977), 56 Ill. App.3d 260, 264, 371 N.E.2d 874.) A complaint stating a cause of action in libel per quod, therefore, must allege both innuendo and special damages. (Allen v. Ali (1982), 105 Ill. App.3d 887, 889, 435 N.E.2d 167; Renard v. Columbia Broadcasting System, Inc. (1984), 126 Ill. App.3d 563, 567, 467 N.E.2d 1090.) Although the instant complaint arguably alleges special damages with sufficient particularity, it fails to state a cause of action in libel per quod because it does not allege any extrinsic facts in any of its counts which would render the otherwise nondefamatory statements defamatory and actionable. (See Audition Division, Ltd. v. Better Business Bureau (1983), 120 Ill. App.3d 254, 458 N.E.2d 115.) The dismissal here was therefore justified on this basis as well.
Moreover, based upon certain threshold considerations, the instant complaint is not actionable under a libel per quod theory. Illinois law is unsettled as to whether the innocent construction rule applies to actions in libel per quod, in addition to libel per se. (American Pet Motels, Inc. v. Chicago Veterinary Medical Association (1982), 106 Ill. App.3d 626, 630, 435 N.E.2d 1297.) Nonetheless, decisions considering allegedly defamatory language in libel per quod actions have evaluated such language in light of "related principles," suggesting that the words be read in context and given their natural and obvious meanings, and the complaint dismissed if the challenged words are not reasonably or fairly capable of the meaning assigned to them by the plaintiff. See Allen v. Ali (1982), 105 Ill. App.3d 887, 889-90, 435 N.E.2d 167. See also Audition Division, Ltd. v. Better Business Bureau (1983), 120 Ill. App.3d 254, 458 N.E.2d 115; Renard v. Columbia Broadcasting System, Inc. (1984), 126 Ill. App.3d 563, 566, 467 N.E.2d 1090.
Applying these principles, we find that the objectionable language here properly was held to be nonactionable as a matter of law. The circuit court did not err by dismissing the amended complaint.
For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.
Affirmed.
STAMOS, P.J., and BILANDIC, J., concur.