MICHAEL PEPPER, Plaintiff-Appellant, v. JOHN L. MARKS *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 87—2191

Opinion filed March 16, 1988.

Ronald H. Balson, of Chicago, for appellant.

Holleb & Coff, of Chicago, for appellee John L. Marks.

No brief filed for other appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff Michael Pepper appeals from the trial court's judgment entered in favor of defendants John Marks and Anvan Realty and Management Company in plaintiff's suit seeking rescission and damages for fraudulent misrepresentation. On appeal, plaintiff contends that the trial court abused its discretion by improperly granting two motions *in limine*. Plaintiff further seeks reversal of the trial court's order which effectively excludes all evidence relevant to plaintiff's cause of action. Anvan Realty has failed to appear or file a brief in this court, but we shall consider the merits of the appeal as to Anvan Realty. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

According to the pleadings, plaintiff entered into negotiations for the purchase of a townhouse from Anvan in spring of 1982. Marks was an employee of Anvan. In July 1982, plaintiff learned that several condominium projects were reducing their prices by means of a real estate auction. Plaintiff questioned Anvan and Marks about the possibility of an auction of Anvan's remaining townhouse units in July 1982. Plaintiff was told that defendants knew of no auction planned

and that there would be no significant price reduction before spring 1983.

Plaintiff met with Marks on August 12, 1982, and again asked about an auction or a significant price reduction. Plaintiff stated that he would not execute a contract to purchase the unit if an auction was to be held. At that meeting, Marks denied plans for an auction of any unsold units. Plaintiff executed and delivered a contract for the purchase of the townhouse on August 12, 1982.

The closing for the unit took place on September 8, 1982. Prior to closing, on September 3 and September 7, plaintiff again inquired as to whether an auction was planned and was informed that neither an auction nor a rental program was contemplated by Anvan.

Shortly following plaintiff's closing and the payment of the purchase price, Anvan announced the auction of 21 townhouses, some identical to plaintiff's, at greatly reduced prices. On September 18, 1982, plaintiff demanded rescission of the contract and defendants refused.

Plaintiff filed a complaint alleging that the statements made by Marks on August 12, 1982, were false and made with the knowledge of their falsity. Plaintiff claimed that he relied on such statements in executing the contract and further alleged that he would not have closed on the purchase if he had known defendants were planning an auction of the unsold units.

The first count of plaintiff's complaint sought rescission. Since the time of the complaint, however, plaintiff has sold the townhouse and has withdrawn his claim for rescission. Thus, we need only address count II of the complaint, seeking damages against Marks and Anvan.

Trial for this cause was set for June 9, 1987. On June 5, 1987, Marks filed two motions *in limine*. One motion sought to exclude as irrelevant testimony concerning any representations made after August 12, 1982, the date plaintiff executed the contract to purchase the unit. The other motion sought to exclude testimony of representations made prior to August 16, 1982, the date on which a contract was executed between Real Estate Auctions, Inc., and Anvan for the auction of Anvan's unsold units. Marks maintained that any statements made prior to August 16 were merely statements of future intentions and not actionable under Illinois law.

Following the hearing, the trial court granted both motions. As to the statements made after August 12, 1982, the court held that as of August 12, plaintiff was contractually bound to purchase the unit, and any statements or representations made after that date could have no bearing on plaintiff's decision to enter into the contract. Regarding

representations about the auction made before August 16, 1982, the trial court held that such statements expressed future intentions which do not support fraud in Illinois and all statements made before this date were therefore excluded. Upon hearing these rulings, plaintiff's attorney stated that all his relevant evidence had been excluded and nothing remained to be tried. The trial court then entered judgment for defendants.

■■■ On appeal, plaintiff first maintains that the effect of granting the motions *in limine* and ruling all the evidence inadmissible was to grant summary judgment. He contends that such action was improper in a bench trial where no motion for summary judgment had been filed.

Upon inquiry by plaintiff, the trial court clarified that it was not granting summary judgment. Rather, after plaintiff admitted that all pertinent evidence was executed and nothing was left to be tried, the trial court granted judgment in favor of defendants. While we acknowledge the increased value of motions *in limine* in a jury trial, nothing cited by plaintiff supports his argument that the trial court in a bench trial cannot make use of a motion *in limine* to exclude inadmissible evidence. Even in the absence of authorization by statute or rule, the inherent power of a circuit court to admit to exclude evidence is sufficient to enable it to entertain a motion *in limine*. (*Department of Public Works & Building v. Roehrig* (1976), 45 Ill. App. 3d 189, 359 N.E.2d 752.) Furthermore, whether the trial court considers the admissibility of the evidence on a pretrial motion *in limine* or after an objection at trial, the result is the same. If the evidence is found inadmissible by the trial court after a proper application of evidentiary rules, such evidence cannot be used by the proffering party at trial.

■■ We next consider plaintiff's challenge of the order of the trial court excluding all statements made prior to August 16, 1982, the date on which Anvan entered into a contract with Real Estate Auctions for the auction of the unsold townhouses. Marks maintains that any statements made prior to the date Anvan actually signed the contract with the auctioneers are statements of future intentions. The general rule in Illinois is that a promise to perform an act even though the party intends at the time he makes the promise not to perform is an insufficient false representation to constitute fraud. (*Zaborowski v. Hoffman Rosner Corp.* (1976), 43 Ill. App. 3d 21, 356 N.E.2d 653, citing *Roda v. Berko* (1948), 401 Ill. 335, 81 N.E.2d 912.) However, the well-recognized exception to the rule states that where the false promise or representation of intentions or future conduct is

alleged to be the scheme or device employed to accomplish the fraud, such representations may be sufficient to constitute fraud. *Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 371 N.E.2d 634.

Plaintiff maintains that this case falls within the "scheme to defraud" exception to the general rule. Marks argues, however, that plaintiff has waived this argument by failing to raise it before the trial court. We disagree. Plaintiff's complaint specifically states the facts upon which he bases his claim for fraud. Paragraphs 8 and 9 of the complaint state the false representations allegedly made by defendants regarding plans for an auction. Paragraph 12 alleges that defendants' actions were part of a continuing scheme to defraud plaintiff. Paragraph 29 of the complaint repeats plaintiff's allegation that defendants' actions were part of a willful, intentional scheme to defraud. Further, at the hearing on the motions *in limine*, plaintiff reasserted the facts which he alleged to be the scheme to defraud. Under these circumstances, plaintiff cannot be said to have made this argument for the first time on appeal.

Marks also claims that the scheme to defraud exception does not apply to this case. Marks first argues that plaintiff's pleading of fraud was conclusory. We disagree. In his pleadings, plaintiff sufficiently stated the actions and representations of defendants which he believed amounted to fraud.

In Illinois, in order for misrepresentation to constitute fraud, it must consist of a statement of material fact, false and known to be false by the party making it, made to induce the other party to act and in acting, the other party must rely on the truth of the statement to his injury. *Jones v. Eagle II* (1981), 99 Ill. App. 3d 64, 424 N.E.2d 1253.

We believe that plaintiff has sufficiently set forth a case for fraud and that defendants' actions were part of a scheme to defraud. At the hearing on the motions *in limine*, it was revealed that defendants were engaged in negotiations with auctioneers in July 1982. On July 29, 1982, a report was prepared detailing the negotiations between defendants and the auctioneers. The actual contract Anvan entered into with Real Estate Auctions was signed on August 16, 1982. Four days earlier, however, when plaintiff asked Marks whether Anvan had plans to auction any of its unsold units, plaintiff was told that no such plans were in existence. We believe it is a fair assumption that if Anvan entered into this contract with Real Estate Auctions on August 16, Anvan had plans to auction the remaining units on August 12. Yet plaintiff was told in July and again on August 12 that defendants had no plans for an auction. Significantly, defendants made this

representation to plaintiff after he stated he would not enter into a purchase contract if Anvan had plans for an auction. Based on these circumstances, we find that plaintiff has set forth the existence of a scheme to defraud.

Marks relies on *Zaborowski v. Hoffman Rosner Corp.* (1976), 43 Ill. App. 3d 21, 356 N.E.2d 653, as a similar case which supports his contention that no scheme to defraud existed. In *Zaborowski*, plaintiffs maintained they were induced to sign purchase contracts based on defendant's representations that nearby property would be developed into a single-family subdivision. No such development ever took place and plaintiffs sought to enjoin defendant from developing the property in any other manner. The court in *Zaborowski* held no scheme to defraud existed because the complaint did not allege that defendant had any particular knowledge of plans for development of the property. In contrast, in the present case, plaintiff has alleged that defendants knew of the falsity of the representations when plaintiff was told that Anvan had no plans for an auction. Because Anvan entered into a contract for an auction four days after making this representation, we believe it is fair to assume the falsity of this representation as well as defendants' knowledge of the falsity.

We find plaintiff has shown the existence of a scheme to defraud and therefore the statements made by defendants to plaintiff before August 16, 1982, regarding plans for an auction would be admissible at trial. The motion *in limine* granted by the trial court to exclude these statements must therefore be reversed.

■ As to the trial court's granting of the other motion *in limine* to exclude certain representations made to plaintiff to induce him to execute the contract, plaintiff contends that he was not bound by the contract due to its substantial breach by defendants. Specifically, plaintiff claims that at the time of closing, a five-page list of construction defects amounted to a failure of consideration. Plaintiff asserts that he was induced to close upon further representations of defendants. The defects claimed here were merely items yet to be completed in the townhouse. Plaintiff stated that he was willing to accept the unfinished unit with the understanding that the defects would be repaired. Plaintiff went ahead with the closing on the scheduled date and took possession with knowledge of the unfinished condition of the unit. Consequently, we agree with the trial court that such representations made by defendants after the closing date are irrelevant and are properly excluded.

For the foregoing reasons, the order of the circuit court of Cook County granting judgment in favor of defendants is reversed, and the

cause is remanded for further proceedings consistent with the holdings of this opinion.

Reversed and remanded.

WHITE, P.J., and RIZZI, J., concur.