LEAZO L. HENDRIX, Plaintiff-Appellant, v. THE BOARD OF EDUCATION OF THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—88—2864

Opinion filed April 27, 1990.—Rehearing denied July 12, 1990.

Leazo L. Hendrix, of Chicago, appellant *pro se.*

Robert S. Bates, Jr., of Jacobs, Burns, Sugarman & Orlove, of Chicago, for appellees.

JUSTICE LORENZ delivered the opinion of the court:

This appeal follows dismissal (Ill. Rev. Stat. 1987, ch. 110, par. 2—615) of plaintiff's cause of action sounding in tort.

We affirm.

The record indicates plaintiff Leazo Hendrix was employed as a school clerk at Bethune Elementary School. On December 3, 1986, the Chicago Board of Education (Board) filed charges against plaintiff based, generally, on insubordination, unsatisfactory conduct, and unsatisfactory job performance. Ultimately, a hearing officer found the charges substantiated and plaintiff was dismissed from her employment.

The record indicates plaintiff did not seek timely administrative review of that action.

On December 16, 1988, plaintiff filed her original *pro se* complaint in the matter giving rise to this appeal. That complaint named, as defendants, Warren Franczyk, Helen Mardis, Audrey Ongman, and Manfred Byrd, Jr., all employees of the Board. The Board itself was not named as a defendant.

On March 20, 1987, the four named defendants moved to dismiss plaintiff's complaint.

Instead of responding to the motion, on August 3, 1987, plaintiff filed a document labeled "Second Complaint in Brief," which we will refer to as plaintiff's first-amended complaint. That complaint, like plaintiff's original complaint, was labeled as sounding in "defamation-libel" and named the same four Board members as defendants.

Defendants were given leave to, and did, file a motion to dismiss plaintiff's first amended complaint. That motion was granted on February 22, 1988, and plaintiff was given 28 days to amend her complaint.

On March 18, 1988, plaintiff filed a document labeled "Amended," which we will refer to as plaintiff's second-amended complaint. That complaint named only Franczyk and the Board as defendants.

On April 5, 1988, plaintiff filed a document labeled "Amended Cont'd," which we will refer to as plaintiff's third-amended complaint. That complaint named, as defendants, Franczyk, the Board, and the Chicago Teachers Union (Union).

The Union successfully moved to dismiss plaintiff's third-amended complaint. However, the circuit court subsequently vacated its order and granted plaintiff leave to amend.

On June 27, 1988, the Board, on behalf of itself and Franczyk, moved to dismiss plaintiff's second-amended complaint.

On July 25, 1988, plaintiff filed another document labeled "Amended Complaint," which we will refer to as plaintiff's fourth-amended complaint. Only the Board and Union were named as defendants in that complaint.

On July 20, 1988, plaintiff filed a document labeled "Amended Complaint & Memorandum In Support of Response-Not to Dismiss."

On July 25, 1988, the Union renewed its motion to dismiss.

On August 15, 1988, the circuit court dismissed all pending complaints.

This appeal followed.

OPINION

█▌ █ The Code of Civil Procedure (Code) requires that all pleadings contain a plain and concise statement of the cause of action and a specific prayer for relief. (Ill. Rev. Stat. 1987, ch. 110, pars. 2—603(a), 2—604.) The Code also provides that no pleading should be considered legally insufficient where it contains such information "as reasonably informs the opposite party of the nature of the claim." (Ill. Rev. Stat. 1987, ch. 110, par. 2—612.) Thus, pleadings should be construed liberally "with a view to doing substantial justice between the parties." (Ill. Rev. Stat. 1987, ch. 110, par. 2—603(c).) However, after carefully considering each of the documents filed by plaintiff in the instant matter, with particular consideration given to the fact that plaintiff had no legal training, we conclude that, even under a most liberal reading, all fail to satisfy the minimum required under the Code to state a recognizable cause of action.

█▌ Although, generally, prior pleadings are superseded by amended pleadings (see *Burdin v. Jefferson Trust & Savings Bank* (1971), 133 Ill. App. 2d 703, 269 N.E.2d 340), we consider, in turn, each of plaintiff's complaints. We note here that all of the complaints are handwritten. Although largely legible, much that is contained in the complaints is difficult to follow.

Plaintiff's original complaint was labeled "defamation-libel." The complaint stated Franczyk had made "false reports" to police officers on May 12, 1988, concerning an incident which occurred at Bethune Elementary School. The complaint indicates plaintiff claimed she was struck by another teacher and that Franczyk told police officers " 'some

staff members said [plaintiff] offered to pay them to witness what occurred in office vault' (assault)." The complaint alleged Franczyk forwarded the reports to the Board with other documents "in request for a conference which was actually a 'hearing,' " and thereby did harm to plaintiff's character. The complaint stated Mardis submitted a memo containing untruths to plaintiff's personnel file, causing more harm to plaintiff's character, Ongman accepted such documents, and Byrd also participated in the defamation. The complaint contains no specific prayer for relief.

■ Plaintiff's complaint is defective for several reasons. No specific allegations are directed at defendants Mardis, Ongman, and Byrd concerning defamation of plaintiff as required in Illinois. (See *American International Hospital v. Chicago Tribune Co.* (1985), 136 Ill. App. 3d 1019, 483 N.E.2d 965.) As to Franczyk's alleged statement, that allegation, without more, cannot be considered libelous *per se* as being so obviously and naturally harmful as to have harmed plaintiff's reputation. (See *American International Hospital* (1985), 136 Ill. App. 3d 1019, 483 N.E.2d 965.) No actual harm is alleged. Nor did the complaint allege special damages to support a cause of action for libel *per quod.* See *American International Hospital,* 136 Ill. App. 3d 1019, 483 N.E.2d 965.

Plaintiff's amended complaint apparently pertains to the same statement recorded in plaintiff's original complaint. As against Mardis, plaintiff's amended complaint stated "Mardis signed memo to file (my personal file) 2 pages of confession of truth of verbal concealing." Further, "the memo to file also consisted of untrue/hearsay, and placing me under police threat." As to Ongman, plaintiff alleged Ongman "confirmed by telephone decisions(s) on untrue-hearsay information submitted to her" by Franczyk and, further, "submitted untrue information to agencies three letters of termination under oath." As to Byrd, the complaint alleged he received the "untrue/hearsay" information and sent "untrue information through school system." Plaintiff also alleged Byrd contributed to the defamation of plaintiff's character "by letting Mrs. Ongman sit as police, judge and jury of [plaintiff's] case." The complaint contains no prayer for relief.

Although plaintiff did not attach exhibits to the first-amended complaint, the record contains a copy of that complaint to which exhibits were attached. Even considering those exhibits in conjunction with the allegations above, we cannot conclude plaintiff's amended complaint states a recognizable cause of action. Two of the eight pages of exhibits consist of a memo, written by Mardis, apparently intended for plaintiff's personnel file. The memo consists of a recitation of events leading up to

plaintiff's "unsatisfactory rating." The other six pages of exhibits consist of, apparently, excerpts from the hearing on plaintiff's dismissal. That material does not in any way aid in the understanding of the allegations of the complaint.

Plaintiff's second-amended complaint contains no indication that it was based on a theory of defamation. Instead, the complaint states Franczyk "deceitful[ly]" rated plaintiff "unsatisfactory" and refused plaintiff's "request for a witness to discuss unsatisfactory rating." The complaint also alleged plaintiff was not informed that the "conference" which was scheduled for September 4, 1986, was actually a hearing. Further, plaintiff alleged she was told to "attend or be e[s]corted out the building." The complaint contains a prayer for "three million dollars."

Other than indicating "deceit," the second-amended complaint simply fails to set out any element of a recognizable cause of action.

Plaintiff's third-amended complaint charged the Union, in conspiracy with the Board, combined to "oust" plaintiff from her job. The complaint does not, otherwise, in any fashion, set out any allegedly wrongful conduct. The complaint contains no prayer for relief.

Plaintiff's fourth-amended complaint refers to funds being withheld from plaintiff. Specifically, the final paragraph in the complaint contains a prayer for relief which refers to a "$14.60 deduction from [plaintiff's] check that [plaintiff] never had a choice about." Plaintiff sought return of "all monies deducted." The complaint does not otherwise contain a statement as to why funds were withheld from plaintiff or why that withholding was improper.

The last document filed by plaintiff, the "Amended Complaint & Memorandum in Support of Response-Not to Dismiss," is also labeled as sounding in "defamation-libel" but does not contain allegations different than those noted above. The document does not contain a prayer for relief.

Because none of plaintiff's complaints contains a clear statement of any cause of action, we cannot conclude the circuit court improperly dismissed plaintiff's complaints.

Affirmed.

MURRAY and GORDON, JJ.,* concur.

---

*Justice R. Eugene Pincham participated in this case prior to his resignation. Since that time, Justice Joseph Gordon was designated the third member of the panel and has read the record and briefs and has listened to the oral argument tapes.